# IN THE UNITED STATES BANKRUPTCY COURT FOR DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re: | § § § | Chapter 11 |
| DANIMER SCIENTIFIC, INC., *et al.* | § § | Case No. 25-10518 |
| Debtors | § § § |  |

## STATEMENT OF FINANCIAL AFFAIRS FOR
## Danimer Scientific, Inc.
### CASE NO. 25-10518

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| DANIMER SCIENTIFIC, INC., *et al.*, | ) | Case No. 25 – 10518 (MFW) |
| | ) | |
| Debtors.[1] | ) | (Jointly Administered) |
| | ) | |

**GLOBAL NOTES AND STATEMENTS OF LIMITATIONS,
METHODOLOGY, AND DISCLAIMERS REGARDING DEBTORS' SCHEDULES
OF ASSETS AND LIABILITIES AND STATEMENTS OF FINANCIAL AFFAIRS**

**INTRODUCTION**

The debtors and debtors in possession (collectively, the "***Debtors***" or the "***Company***") in the above-captioned chapter 11 cases (these "***Chapter 11 Cases***") submit their *Schedules of Assets and Liabilities* (the "***Schedules***") and *Statements of Financial Affairs* (the "***Statements***") pursuant to section 521 of the Bankruptcy Code (as defined below) and Rule 1007 of the Federal Rules of Bankruptcy Procedure.

On March 18, 2025 (the "***Petition Date***"), the Debtors commenced these Chapter 11 Cases by filing voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "***Bankruptcy Code***") with the United States Bankruptcy Court for the District of Delaware (the "***Court***").  These Chapter 11 Cases have been consolidated for procedural purposes only and are being jointly administered under Case No. 25-10518 (MFW).  The Debtors are authorized to operate their business as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

The Schedules and Statements have been prepared by the Debtors' management team, with the assistance of their professional advisors, with reliance upon the efforts, statements, and representations of personnel of the Debtors and the advice of the Debtors' professional advisors. The Schedules and Statements are unaudited and subject to potential adjustment.  In preparing the Schedules and Statements, the Debtors relied on financial data derived from their books and records that was available at the time of preparation.  The Debtors have used commercially reasonable efforts to ensure the accuracy and completeness of such information and data; however,

---

[1]  The Debtors in these Chapter 11 Cases and the last four digits of their respective federal tax identification numbers are:  Danimer Scientific, Inc. (4518); Danimer Bioplastics, Inc. (8734); Danimer Scientific Holdings, LLC (8521); Danimer Scientific Kentucky, Inc. (6371); Danimer Scientific Manufacturing, Inc. (0322); Danimer Scientific, L.L.C. (7346); Meredian Bioplastics, Inc. (5822); Meredian Holdings Group, Inc. (7239); Meredian, Inc. (7507); and Novomer, Inc. (4173).  The location of the Debtors' corporate headquarters is:  140 Industrial Boulevard, Bainbridge, Georgia, 39817.

subsequent information, data, or discovery may result in material changes to the Schedules and Statements and inadvertent errors, omissions, or inaccuracies may exist.

The Debtors and their estates reserve all rights to amend or supplement the Schedules and Statements as may be necessary and appropriate, but expressly do not undertake any obligation to update, modify, revise, or re-categorize the information provided in the Schedules and Statements or to notify any third party should the information be updated, modified, revised, or re-categorized, except as required by applicable law or order of the Court.  Nothing contained in the Schedules and Statements or these *Global Notes and Statements of Limitations, Methodology, and Disclaimers Regarding Debtors' Schedules of Assets and Liabilities and Statements of Financial Affairs* (these "***Global Notes***") shall constitute a waiver of any rights of the Debtors and their estates or an admission with respect to these Chapter 11 Cases, including, but not limited to, any issues involving objections to claims, setoff or recoupment, equitable subordination or recharacterization of debt, defenses, characterization or re-characterization of contracts, leases, and claims, assumption or rejection of contracts and leases, and/or causes of action arising under the Bankruptcy Code or any other applicable laws.

The Debtors and their agents, attorneys, and financial advisors shall not be liable for any loss or injury arising out of, or caused in whole or in part by, the acts, errors, or omissions, whether negligent or otherwise, in procuring, compiling, collecting, interpreting, reporting, communicating, or delivering the information contained herein.  In no event shall the Debtors or their agents, attorneys, and financial advisors be liable to any third party for any direct, indirect, incidental, consequential, or special damages (including, but not limited to, damages arising from the disallowance of a potential claim against the Debtors or damages to business reputation, lost business or lost profits), whether foreseeable or not and however caused, even if the Debtors or their agents, attorneys, and financial advisors are advised of the possibility of such damages.

These Global Notes are incorporated by reference in, and compromise an integral part of, all the Schedules and Statements, and should be referred to and reviewed in connection with any review of the Schedules and Statements.

## <u>GLOBAL NOTES AND OVERVIEW OF METHODOLOGY</u>

1.     <u>**Reservation of Rights.**</u>  The Debtors reserve the right to dispute or to assert setoff or other defenses to any claim reflected in the Schedules and Statements as to amount, liability, and classification.  The Debtors also reserve all rights with respect to the values, amounts, and characterizations of the assets and liabilities listed in their Schedules and Statements.

2.     <u>**Basis of Presentation.**</u>  The Schedules and Statements reflect the separate assets and liabilities of each individual Debtor.  For financial reporting purposes, the Debtors historically prepared consolidated financial statements, which included financial information for the Debtors' business enterprise, which were audited annually.

    These Schedules and Statements do not purport to represent financial statements prepared in accordance with Generally Accepted Accounting Principles ("***GAAP***"), nor are they intended to reconcile to the financial statements previously distributed to lenders, major creditors, or other stakeholders on an intermittent basis.

The Schedules and Statements have been signed by Michael Hajost, Chief Financial Officer for Danimer Scientific, Inc. and an officer of the Company. In reviewing and signing the Schedules and Statements, Mr. Hajost necessarily relied upon the efforts, statements, and representations of the accounting and non-accounting personnel who report to, or work with, Mr. Hajost, either directly or indirectly. Mr. Hajost has not, and could not have, personally verified the accuracy of each such statement and representation, including statements and representations concerning amounts owed to creditors.

3. **Insiders** Persons listed as "insiders" have been included for informational purposes only, and such listing is not intended to be, nor should be construed as, a legal characterization of such person as an insider, nor does it serve as an admission of any fact, claim, right, or defense, and all such claims, rights, and defenses with respect thereto are hereby expressly reserved.

4. **Accounts Payable and Distribution System.** The Debtors use a consolidated cash management system through which the Debtors pay substantially all liabilities and expenses. A more complete description of the Cash Management System is set forth in the *Motion of Debtors for Entry of Interim and Final Orders (I) Authorizing the Debtors to (A) Maintain Their Cash Management System, (B) Continue Using Existing Business Forms, and (C) Continue Intercompany Transfers, (II) Providing Administrative Expense Priority Status for Postpetition Intercompany Claims, (III) Extending Time to Comply with Section 345(b) of the Bankruptcy Code, (IV) Waiving Compliance with Certain of the U.S. Trustee's Operating Guidelines, and (V) Granting Related Relief* [Docket No. 11] filed on the Petition Date.

5. **Date of Valuations.** Except as otherwise noted in the Schedules and Statements, all liabilities are valued as of the Petition Date. Where values as of the Petition Date are not available, or where making calculations as of the Petition Date would create undue expense to the estates, the Debtors used values as of the prior month-end close, February 28, 2025. The Schedules and Statements reflect the Debtors' best effort to allocate the assets, liabilities, receipts, and expenses to the appropriate Debtor entity "as of" such dates. All values are stated in United States currency. The Debtors made reasonable efforts to allocate liabilities between the pre- and postpetition periods based on the information and research that was conducted in connection with the preparation of the Schedules and Statements. As additional information becomes available and further research is conducted, the Debtors may modify the allocation of liabilities between the pre- and postpetition periods and amend the Schedules and Statements accordingly.

6. **Book Value.** Except as otherwise noted, each asset and liability of each Debtor is shown on the basis of net book value of the asset or liability in accordance with such Debtor's accounting books and records. Therefore, unless otherwise noted, the Schedules and Statements are not based upon any estimate of the current market values of the Debtors' assets and liabilities, which may not correspond to book values. It would be cost prohibitive and unduly burdensome to obtain current market valuations of all of the Debtors' interests. Except as otherwise noted, the Debtors' assets are presented, in detail, as they appear on the Debtors' accounting sub-ledgers. As such, the detail may include error corrections and value adjustments. The Debtors believe that certain of their

intangibles assets may have been significantly impaired by, among other things, the events leading to, and the commencement of, the Chapter 11 Cases. The Debtors have not yet formally evaluated the appropriateness of the carrying values ascribed to their assets prior to the Petition Date.

7.   **Property and Equipment.**  Owned property and equipment are recorded at cost and are shown net of depreciation.  Depreciation is recorded using the straight-line method over the estimated useful lives of the assets, which generally range from three to ten years for furniture, fixtures, equipment, and software and as much as fifteen to twenty years for certain equipment. Leasehold improvements are amortized on the straight-line method over the expected lease term.  Nothing in the Schedules and Statements is, or shall be construed as, an admission as to the determination of the legal status of any lease (including, without limitation, whether any lease is a true lease or a financing arrangement, and whether such lease is unexpired), and the Debtors and their estates reserve all rights with respect to such issues.

8.   **Causes of Action.**  The Debtors have made their best efforts to set forth known causes of action against third parties as assets in their Schedules and Statements. The Debtors reserve all of their rights with respect to causes of action they may have (including, but not limited to, causes of action arising under the Bankruptcy Code or any other applicable laws), whether disclosed or not disclosed, and neither these Global Notes nor the Schedules and Statements shall be deemed a waiver of any such causes of action, or in any way waive, prejudice, impair, or otherwise affect the assertion of such claims and causes of action.

9.   **Litigation.**  Certain litigation actions (collectively, the "***Litigation Actions***") reflected as claims against a particular Debtor may relate to other Debtors.  The Debtors made reasonable efforts to accurately record the Litigation Actions in the Schedules and Statements of the Debtor(s) that is the party to the Litigation Action.  The inclusion of any Litigation Action in the Schedules and Statements does not constitute an admission by the Debtors of liability, the validity of any Litigation Action, or the amount of any potential claim that may result from any claims with respect to any Litigation Action, or the amount and treatment of any potential claim resulting from any Litigation Action currently pending or that may arise in the future.

10.  **Credits and Adjustments.**  In the ordinary course of their business, the Debtors apply credits against amounts otherwise due to vendors.  These credits arise because, among other things, (a) materials ordered and paid for may not be delivered, (b) materials delivered may be damaged or unusable, (c) the vendor provided volume rebates and cash discounts, and (d) quantity and/or shipping variances and violations may have occurred.  Certain of these credits are subject to change.  Claims of vendors and creditors are listed in the amounts entered on the Debtors' books and records, and may not reflect certain credits, allowances, or other adjustments due from such vendors or creditors to the Debtors.  The Debtors and their estates reserve all rights with regard to any such credits, allowances, and other adjustments, including, without limitation, the right to assert claims, objections, setoffs, and recoupments with respect to the same.

11. **Executory Contracts and Unexpired Leases.**  The Debtors have not set forth certain executory contracts as assets in the Schedules and Statements, even though these contracts may have some value to the Debtors' estates. Rather, certain executory contracts have been set forth solely on Schedule G, unless omitted due to confidentiality concerns. Unexpired leases have been included as assets in Schedules and Statements valued at an undetermined amount. The Debtors' rejection of executory contracts and unexpired leases may result in the assertion of rejection damages claims against the Debtors and their estates; however, the Schedules and Statements do not reflect any claims for rejection damages.  The Debtors and their estates reserve all rights with respect to the assertion of any such claims. Every effort has been made to locate and accurately attribute contracts and leases to the appropriate Debtor entity; however, inadvertent omissions or misattributions may exist despite such efforts.

12. **Claims.**  Certain of the Debtors' Schedules list creditors and set forth the Debtors' estimate of the claims of creditors as of the Petition Date.  The claim amounts reflected on the Schedules may include the Debtors' estimates for vendor charges not yet invoiced.  By estimating certain invoices, the Debtors are not representing that they have sought to identify and estimate all uninvoiced vendor charges.  While the Debtors have made their best efforts to reflect the claims by vendor, excluding these various adjustments, while including the "vendor credits" discussed above, the actual unpaid claims of creditors that may be allowed in these Chapter 11 Cases may differ from the amounts set forth in the Schedules and Statements.

 The Debtors intentionally have not included "non-cash" accruals *(i.e.*, accruals to recognize expense or liability over multiple periods where no specific obligation to perform is established, such as accruals to equalize lease payments) in the Schedules and Statements.

13. **First Day Orders.**  Pursuant to various "first day" orders and any supplements or amendments to such orders entered by the Court (each, a "***First Day Order***," and collectively, the "***First Day Orders***"), the Debtors and their estates are authorized or expect to be authorized to pay certain prepetition claims, including, without limitation, certain claims relating to employee wages and benefits, claims for taxes and fees, and claims related to insurance programs.  Unless otherwise set forth herein, the Debtors have not included in the Schedules and Statements amounts paid under the First Day Orders.

14. **Classifications and Claims Descriptions.**  Any failure to designate a claim listed on a Debtor's Schedule as "disputed," "contingent," or "unliquidated" does not constitute an admission by the Debtors that the claim is not "disputed," "contingent," or "unliquidated." Likewise, listing a claim (a) on Schedule D as "secured," (b) on Schedule E/F as "unsecured priority," or "unsecured non-priority," or (c) listing a contract or lease on Schedule G as "executory" or "unexpired," does not constitute an admission by the Debtors and their estates of the legal rights of any claimant, or a waiver of the rights of the Debtors and their estates to amend these Schedules and Statements to recharacterize or reclassify any claim or contract.  The Debtors and their estates reserve the right to (i) object to, or otherwise dispute or assert setoff rights, cross-claims, counterclaims or defenses to, any claim reflected on the Schedules on any grounds, including, without limitation, amount,

liability, validity, priority, or classification, or (ii) otherwise designate subsequently any claim as "disputed," "contingent," or "unliquidated."

15. **Addresses of Individuals.** Consistent with that certain *Order (I) Authorizing Debtors to Redact Certain Personal Identification Information, (II) Waiving the Requirement to File a List of Equity Security Holders of Danimer Scientific, Inc. and Provide Direct Notice Thereto, and (III) Granting Related Relief* [Docket No. 176], the Debtors have attempted to redact addresses for individuals, where reasonably possible, in order to protect the privacy of these individuals. The Debtors have served and will continue to serve all necessary notices, including notice of any claims bar date, to the actual address of each of these individuals.

16. **Estimates.** The Debtors were required to make certain estimates and assumptions that affect the reported amounts of assets and liabilities and reported revenue and expenses. Actual results could differ materially from such estimates. The Debtors and their estates reserve all rights to amend the reported amounts of assets, liabilities, revenue, and expenses to reflect changes in those estimates and assumptions.

17. **Artificial Intelligence and/or Machine Learning Technology**. In certain situations, the Debtors and/or the Debtors advisors may have used artificial intelligence and/or machine learning technology ("**AI**") in preparation of the information included in the Schedules and Statements. AI has many benefits including the ability to review large amounts of data in a relatively short period of time, and generate complex output based upon such data. However, AI technology has inherent limitations and can produce inaccurate results. In all cases where AI was utilized, the Debtors and/or the Debtors advisors made reasonable efforts to have a human review and edit the final content. However, inaccuracies may occur and consequently no assurances can be made regarding the information derived based upon AI technology that was included in the Schedules and Statements.

## SPECIFIC ADDITIONAL DISCLOSURES WITH RESPECT TO SCHEDULES

### Schedule A/B

**Item 7:** These deposits include the reserve accounts for the NMTC loans.

**Item: 8**: Certain retainers or deposits reflect payments to the Debtors' professionals made by a certain Debtor entity, but may be subject to applicable allocation amongst the Debtors. The retainers and deposits are listed as of the Petition Date. Professional retainers and other prepaid deposits may be subject to reconciliation.

**Item 11:** Accounts receivable includes the accounts receivable aging as of the Petition Date, and the allowance for doubtful accounts, other receivables, and long-term accounts receivable as of month end February 28, 2025.

This item excludes intercompany receivables. However, the corresponding intercompany payables balance can be found in Schedule E/F.

**Item 13**: A complete description of the investments and organizational structure is included in the *Declaration of Frank A. Pometti in Support of Chapter 11 Cases and First-Day Motions Filed By Danimer Scientific, Inc.* [Docket No. 15].

**Item 21:**  Inventory is listed as of month end February 28, 2025 and includes capitalized freight and overhead, as well as inventory adjustments.  Inventory is shown net of reductions for shrink, lower of cost or market, and inventory write-off reserves, as well as the unamortized portion of vendor entitlements and other credits not recorded at this accounting level.

Consumables & Spare Parts Inventory held by Danimer Scientific Kentucky, Inc. includes items not intended for sale, such as consumables and repair parts. While these items are initially tracked as inventory, they are not included in inventory in the general ledger. The reclassified amounts are reflected within Schedule A/B in other sections.

**Item 50:**  The Debtors own certain machinery, fixtures, and equipment that are fully depreciated, have a book value of $0, and have been excluded from the Schedules.

**Item 55:**  The Debtors have made certain improvements to real estate, which have been excluded from the Schedules as they are fully depreciated and have a book value of $0.

After the Petition Date, the Debtor's lease agreement with Edwin J. Perry, III  has been rejected pursuant an order of the Court [Docket No. 142].

The Construction in Progress asset reflects primarily expenses incurred by the Debtors in building a new production facility in Bainbridge, Georgia, which is currently halted and has not yet been completed.

**Items 59-66:**  The Debtors do not have a recent valuation for the items listed in Part 10. Accordingly, the Debtors have not listed the value of such items because the values on the Debtors' books and records may not accurately reflect their value in the marketplace.

**Item 72:**  Danimer Scientific, Inc. is the consolidated tax filer for the group.  Tax attributes for the entire group are reported at Danimer Scientific, Inc. as the entity that files the return, at an undetermined amount.

**Item 73:**  The Debtors' insurance policies cover all of the entities in the group.  The related prepaid insurance assets are scheduled at Danimer Scientific Holdings, LLC.

**Items 74 and 75:**  Despite their commercially reasonable efforts to identify all known assets, the Debtors may not have listed all of their respective causes of action or potential causes of action against third parties as assets in Schedule A/B, Part 11, Items 74 and 75, including, but not limited to, causes of action arising under the Bankruptcy Code or any other applicable laws (including, but not limited to, potential preference actions and/or fraudulent transfer action).  The Debtors and their estates reserve all rights with respect to any claims and causes of action that they may have, and neither these Global Notes nor the Schedules and Statements shall be deemed a waiver of any such claims and causes of actions, or in any way waive, prejudice, impair, or otherwise affect the assertion of such claims and causes of action.

Causes of Action for Meredian Bioplastics, Inc., for "Entek Deposit Refund Demand Letter" is included at an 'Undetermined' amount.

## Schedule D

Except as otherwise ordered by the Court, the Debtors reserve their rights to dispute or challenge the validity, perfection, or immunity from avoidance of any lien purported to be granted or perfected in any specific asset for the benefit of a secured creditor listed on a Debtor's Schedule D. Moreover, although the Debtors may have scheduled claims of various creditors as secured claims for informational purposes, the Debtors reserve all rights to dispute or challenge the secured nature of any such creditor's claim or the characterization of the structure of any such transaction or any document or instrument (including without limitation, any intercompany agreement) related to such creditor's claim.

Except as specifically stated herein, real property and equipment lessors, utility companies, and other parties which may hold security deposits or have security interests up to the value of their leased property, have not been listed on Schedule D. The Debtors have not included parties that may believe their claims are secured through setoff rights or inchoate statutory lien rights.

Guarantor entities for secured debt liabilities are marked as "contingent" while the borrower entity is not. Equipment financing obligations secured by specific assets are included in Schedule D and are designated as "contingent" where the Debtors are guarantors and "unliquidated" where the claim amounts have not yet been determined.

## Schedule E/F

The Debtors reserve their right to dispute or challenge whether claims owing to various taxing authorities are entitled to priority and the listing of any claim on Schedule E/F, Part 1 does not constitute an admission that such claim is entitled to priority treatment pursuant to section 507 of the Bankruptcy Code.

In certain instances, a Debtor may be a guarantor with respect to scheduled claims of other Debtors. No claim set forth on the Schedule E/F of any Debtor is intended to acknowledge claims of creditors that are or may be otherwise satisfied or discharged.

Schedule E/F does not include certain deferred charges, deferred liabilities, accruals, or general reserves. Such amounts are, however, reflected on the Debtors' books and records as required in accordance with GAAP. Such accruals are general estimates of liabilities and do not represent specific Claims as of the Petition Date.

The Debtors have listed their known creditors in Schedule E/F. To the extent attorneys have entered appearances on behalf of such creditors, those appearances are noted on the docket of the Chapter 11 Cases and are not separately listed in Item 4.

Third parties should not anticipate that the relationship of aggregate asset values and aggregate liabilities set forth in the Schedules will reflect their ultimate recoveries in these Chapter 11 Cases. Actual assets and liabilities may deviate from the amounts shown in the Schedules due to various events that occur throughout the duration of these Chapter 11 Cases.

Any credits due to customers are excluded from the liability schedule as these credits are only redeemable when applied against future orders.

## Schedule G

The business of the Debtors is complex and, while every effort has been made to ensure the accuracy of Schedule G, inadvertent errors or omissions may have occurred.  The contracts, agreements, and leases listed on Schedule G may have expired or may have been modified, amended, or supplemented from time to time by various amendments, restatements, waivers, estoppel certificates, letter and other documents, instruments and agreements that may not be listed therein.  Relationships between the Debtors and their vendors are often governed by a master services agreement, under which vendors also place work and purchase orders, which may be considered executory contracts.  The Debtors believe that disclosure of all of these purchases and work orders would be impracticable and unduly burdensome.  Likewise, in some cases, the same supplier or provider may appear multiple times in Schedule G.

Unless otherwise specified on Schedule G, each executory contract or unexpired lease listed thereon shall include all final exhibits, schedules, riders, modifications, declarations, amendments, supplements, attachments, restatements, or other agreements made directly or indirectly by any executed agreement, instrument, or other document that in any manner affects such executory contract or unexpired lease, without respect to whether such agreement, instrument, or other document is listed thereon. The Debtors and their estates hereby reserve all of their rights, claims, and causes of action to (i) dispute the validity, status, or enforceability of any contracts, agreements, or leases set forth in Schedule G, (ii) dispute or challenge the characterization of the structure of any transaction, document, or instrument related to a creditor's claim, including, but not limited to, the agreements listed on Schedule G; and (iii) amend or supplement such Schedule as necessary.

Certain contracts where it is unclear which Debtor entity is the actual counterparty are listed under the Debtor entity with which the counterparty historically conducted business, based on prior disbursements and available records.

## Schedule H

Due to their voluminous nature, and to avoid unnecessary duplication, the Debtors have not included on Schedule H debts for which more than one Debtor may be liable if such debts were already reflected on Schedules E/F or G for the respective Debtors subject to such debt.

## SPECIFIC ADDITIONAL DISCLOSURES WITH RESPECT TO STATEMENTS

**Question 1:** Revenue is reflected net of returns and allowances, coupons, discounts, and sales tax.

**Question 2:** Immaterial revenues from scrap sales are included in Question 1. Interest earned on cash holdings held in money market accounts is included in the net interest expense line and reduces interest expense.

**Question 4:**   Certain of the Debtors' intercompany transfers are reflected through accounting entries rather than cash transfers.  The Debtors have only listed cash transfers, excluding the voluminous non-cash intercompany accounting entries, in Question 4 of the Statements.

Payments scheduled in Question 4 are based on which Debtor entity recorded the transfer.  Certain individuals appear in multiple Debtors' Question 4, if they were paid by multiple Debtors.  Cash payments made to Non-Debtor Danimer IPCo, LLC in the 1 year preceding the filing increased Meredian Holdings Group, Inc.'s Investment in Consolidated Subsidiaries asset balance by $16.4 million.

Restricted Stock Awards, Restricted Stock Units, and Stock Appreciation Rights are reported as "Undetermined" given the ongoing fluctuations in the value of the Debtors' publicly traded common stock.

**Question 6:**   The Debtors have used their best efforts to reflect setoffs made by creditors without permission that the Debtors are aware of; however, there may be instances, including, without limitation, credits due to landlords and holdbacks made by credit card processors, where such a setoff has occurred without the Debtors' knowledge.

**Question 11**: Certain disbursements listed in Statements, Part 6, Question 11 reflect payments to professionals made by a specific Debtor entity, but may be subject to applicable allocation amongst the Debtors. Payments related to bankruptcy in Question 11 are consolidated in Danimer Scientific, Inc. The Debtors have listed payments made to professionals retained by the Debtors but not payments made to advisors of their pre-petition and postpetition lenders or other parties on account of any applicable fee arrangements. Payment dates listed in response to Statements, Part 6, Question 11 are based upon the Debtors' books and records. Payment dates shown in professional retention applications may vary due to payment receipt and/or processing date.

**Question 20:**   The locations listed for off-premise storage do not include shippers that are holding goods in-transit, including, but not limited to, goods on ships, in trucks, or in warehouses where they may be temporarily stored during the transport process.

**Question 26d:**   From time to time, the Debtors provide financial statements in the ordinary course of business to certain parties for business, statutory, credit, financing, and other reasons. Recipients may include regulatory and tax agencies, financial institutions, investment banks, vendors, debtholders, and their legal and financial advisors.  Additionally, the Debtors contacted various parties in connection with the Debtors' efforts to market and sell their assets and raise new sources of capital.  The Debtors shared certain financial information under non-disclosure agreements to certain of those parties, who are not individually disclosed herein.

*[Remainder of Page Left Intentionally Blank]*

| **Fill in this information to identify the case and this filing:** |
|---|

| Debtor Name: | Danimer Scientific, Inc. |
|---|---|
| United States Bankruptcy Court: | District of Delaware |
| Case Number (if known): | 25-10518 |

Form 207

## Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy

**The debtor must answer every question. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and case number (if known).**

**Part 1:    Income**

1.  **Gross Revenue from business**

☑ None.

| **Identify the Beginning and Ending Dates of the Debtor's Fiscal Year, which may be a Calendar Year** | **Sources of Revenue (Check all that apply)** | **Gross Revenue (Before Deductions and Exclusions)** |
|---|---|---|

| Part 1: | Income |
|---------|--------|

2. **Non-business revenue**

Include revenue regardless of whether that revenue is taxable. Non-business income may include interest, dividends, money collected from lawsuits, and royalties. List each source and the gross revenue for each separately. Do not include revenue listed in line 1.

☑ None.

|  | Description of Sources of Revenue | Gross Revenue (Before Deductions and Exclusions) |
|--|--|--|

| Part 2: | List Certain Transfers Made Before Filing for Bankruptcy |
|---|---|

3. **Certain payments or transfers to creditors within 90 days before filing this case**

List payments or transfers — including expense reimbursements — to any creditor, other than regular employee compensation, within 90 days before filing this case unless the aggregate value of all property transferred to that creditor is less than $7,575. (This amount may be adjusted on 4/01/25 and every 3 years after that with respect to cases filed on or after the date of adjustment.)

☐ None.

| Creditor's Name and Address | Dates | Total Amount or Value | Reasons for Payment or Transfer |
|---|---|---|---|
| 3.1 CONTINENTAL STOCK TRANSFER & TRUST<br>ONE STATE STREET PLAZA<br>30TH FLOOR NEW YORK, NY 10004<br>USA | 12/19/2024<br>01/23/2025 | $23,850.30<br>$2,583.26 | ☐ Secured debt<br>☐ Unsecured loan repayments<br>☐ Suppliers or vendors<br>☐ Services<br>☑ Other  Other Operating Disbursements |
| **TOTAL CONTINENTAL STOCK TRANSFER & TRUST** | | **$26,433.56** | |
| 3.2 COVINGTON & BURLING LLP<br>ONE CITY CENTER 850 TENTH STREET NW<br>WASHINGTON DC, 20001-4956<br>USA | 02/05/2025 | $14,000.00 | ☑ Secured debt<br>☐ Unsecured loan repayments<br>☐ Suppliers or vendors<br>☐ Services<br>☐ Other |
| **TOTAL COVINGTON & BURLING LLP** | | **$14,000.00** | |
| 3.3 CROWELL & MORING LLP<br>1001 PENNSYLVANIA AVE NW<br>WASHINGTON DC, 20004-2595<br>USA | 02/05/2025<br>03/13/2025 | $8,802.00<br>$11,457.50 | ☑ Secured debt<br>☐ Unsecured loan repayments<br>☐ Suppliers or vendors<br>☐ Services<br>☐ Other |
| **TOTAL CROWELL & MORING LLP** | | **$20,259.50** | |
| 3.4 KPMG LLP<br>2323 ROSS AVE SUITE 1400<br>DALLAS , TX 75201<br>USA | 01/16/2025<br>01/23/2025<br>02/20/2025<br>02/27/2025 | $115,000.00<br>$115,000.00<br>$166,400.00<br>$47,500.00 | ☐ Secured debt<br>☐ Unsecured loan repayments<br>☐ Suppliers or vendors<br>☑ Services<br>☐ Other |
| **TOTAL KPMG LLP** | | **$443,900.00** | |
| 3.5 PROSKAUER ROSE LLP<br>ELEVEN TIMES SQUARE<br>NEW YORK, NY 10036-8299<br>USA | 02/05/2025<br>03/17/2025 | $385,000.00<br>$150,000.00 | ☑ Secured debt<br>☐ Unsecured loan repayments<br>☐ Suppliers or vendors<br>☐ Services<br>☐ Other |
| **TOTAL PROSKAUER ROSE LLP** | | **$535,000.00** | |
| 3.6 RUSSELL D. ZUKOWSKI<br>[REDACTED ADDRESS] | 12/27/2024<br>01/03/2025<br>02/06/2025<br>03/06/2025 | $3,262.50<br>$3,375.00<br>$1,012.50<br>$337.50 | ☐ Secured debt<br>☐ Unsecured loan repayments<br>☐ Suppliers or vendors<br>☑ Services<br>☐ Other |

| Part 2: | List Certain Transfers Made Before Filing for Bankruptcy |
| --- | --- |

| | | | |
| --- | --- | --- | --- |
| | **TOTAL RUSSELL D. ZUKOWSKI** | **$7,987.50** | |
| 3.7 WILLKIE FARR & GALLAGHER LLP<br>787 SEVENTH AVE<br>NEW YORK, NY 10019<br>USA | 02/05/2025 | $35,714.00 | ☑ Secured debt<br>☐ Unsecured loan repayments<br>☐ Suppliers or vendors<br>☐ Services<br>☐ Other _____ |
| | **TOTAL WILLKIE FARR & GALLAGHER LLP** | **$35,714.00** | |

| Part 2: | List Certain Transfers Made Before Filing for Bankruptcy |
|---|---|

4. **Payments or other transfers of property made within 1 year before filing this case that benefited any insider**

List payments or transfers, including expense reimbursements, made within 1 year before filing this case on debts owed to an insider or guaranteed or cosigned by an insider unless the aggregate value of all property transferred to or for the benefit of the insider is less than $7,575. (This amount may be adjusted on 4/01/25 and every 3 years after that with respect to cases filed on or after the date of adjustment.) Do not include any payments listed in line 3. Insiders include officers, directors, and anyone in control of a corporate debtor and their relatives; general partners of a partnership debtor and their relatives; affiliates of the debtor and insiders of such affiliates; and any managing agent of the debtor. 11 U.S.C. § 101(31).

☐ None.

| Insider's Name and Address and Relationship to Debtor | Dates | Amount | Reasons for Payment |
|---|---|---|---|
| 4.1 ALTICE, RICHARD NICHOLS [REDACTED ADDRESS] <br><br> INTERIM CHIEF EXECUTIVE OFFICER AND DIRECTOR | 04/15/2024 | UNDETERMINED | RESTRICTED STOCK AWARDS |
| | 05/09/2024 | $1,419.37 | BOARD OF DIRECTORS COMPENSATION |
| | 06/27/2024 | $10,555.64 | BOARD OF DIRECTORS COMPENSATION |
| | 07/18/2024 | UNDETERMINED | RESTRICTED STOCK AWARDS |
| | 09/24/2024 | $12,500.00 | BOARD OF DIRECTORS COMPENSATION |
| | 10/14/2024 | UNDETERMINED | STOCK APPRECIATION RIGHTS |
| **TOTAL ALTICE, RICHARD NICHOLS** | | **$24,475.01 +** UNDETERMINED | |
| 4.2 AMBOIAN, JOHN P. [REDACTED ADDRESS] <br><br> DIRECTOR | 03/28/2024 | $12,500.00 | BOARD OF DIRECTORS COMPENSATION |
| | 06/27/2024 | $12,500.00 | BOARD OF DIRECTORS COMPENSATION |
| | 07/18/2024 | UNDETERMINED | RESTRICTED STOCK AWARDS |
| | 09/24/2024 | $12,500.00 | BOARD OF DIRECTORS COMPENSATION |
| | 12/27/2024 | $12,500.00 | BOARD OF DIRECTORS COMPENSATION |
| **TOTAL AMBOIAN, JOHN P.** | | **$50,000.00 +** UNDETERMINED | |
| 4.3 AUSTIN, ANTHONY L [REDACTED ADDRESS] <br><br> CHIEF HUMAN RESOURCES OFFICER | 04/03/2024 | UNDETERMINED | STOCK APPRECIATION RIGHTS |
| | 04/03/2024 | UNDETERMINED | RESTRICTED UNITS |
| **TOTAL AUSTIN, ANTHONY L** | | **UNDETERMINED** | |
| 4.4 CALHOUN, PHILIP GREGORY [REDACTED ADDRESS] <br><br> DIRECTOR | 03/28/2024 | $12,500.00 | BOARD OF DIRECTORS COMPENSATION |
| | 06/27/2024 | $12,500.00 | BOARD OF DIRECTORS COMPENSATION |
| | 07/18/2024 | UNDETERMINED | RESTRICTED STOCK AWARDS |

| Part 2: | List Certain Transfers Made Before Filing for Bankruptcy |
|---------|----------------------------------------------------------|

| | | | |
|---|---|---|---|
| | 09/24/2024 | $12,500.00 | BOARD OF DIRECTORS COMPENSATION |
| | 12/27/2024 | $12,500.00 | BOARD OF DIRECTORS COMPENSATION |
| **TOTAL CALHOUN, PHILIP GREGORY** | | **$50,000.00** + UNDETERMINED | |
| 4.5 COHEN, CYNTHIA [REDACTED ADDRESS] | 03/28/2024 | $12,500.00 | BOARD OF DIRECTORS COMPENSATION |
| FORMER DIRECTOR | 06/27/2024 | $12,500.00 | BOARD OF DIRECTORS COMPENSATION |
| | 07/18/2024 | UNDETERMINED | RESTRICTED STOCK AWARDS |
| | 09/24/2024 | $12,500.00 | BOARD OF DIRECTORS COMPENSATION |
| | 12/03/2024 | $8,423.91 | BOARD OF DIRECTORS COMPENSATION |
| **TOTAL COHEN, CYNTHIA** | | **$45,923.91** + UNDETERMINED | |
| 4.6 HAJOST, MICHAEL A [REDACTED ADDRESS] | 04/03/2024 | UNDETERMINED | STOCK APPRECIATION RIGHTS |
| | 04/03/2024 | UNDETERMINED | RESTRICTED UNITS |
| CHIEF FINANCIAL OFFICER & TREASURER | | | |
| **TOTAL HAJOST, MICHAEL A** | | **UNDETERMINED** | |
| 4.7 HENDRIX, RICHARD J. [REDACTED ADDRESS] | 03/28/2024 | $12,500.00 | BOARD OF DIRECTORS COMPENSATION |
| DIRECTOR | 06/27/2024 | $12,500.00 | BOARD OF DIRECTORS COMPENSATION |
| | 07/03/2024 | $7,063.59 | BOARD OF DIRECTORS COMPENSATION |
| | 09/05/2024 | $4,213.68 | BOARD OF DIRECTORS COMPENSATION |
| | 09/24/2024 | $12,500.00 | BOARD OF DIRECTORS COMPENSATION |
| | 10/14/2024 | UNDETERMINED | STOCK APPRECIATION RIGHTS |
| | 10/20/2024 | UNDETERMINED | RESTRICTED STOCK AWARDS |
| | 10/31/2024 | $104,167.00 | BOARD OF DIRECTORS COMPENSATION |
| | 11/14/2024 | $6,607.77 | BOARD OF DIRECTORS COMPENSATION |
| | 11/21/2024 | $2,718.36 | BOARD OF DIRECTORS COMPENSATION |
| | 12/27/2024 | $12,500.00 | BOARD OF DIRECTORS COMPENSATION |
| | 01/03/2025 | $3,902.74 | EXPENSE REIMBURSEMENT |

| Part 2: | List Certain Transfers Made Before Filing for Bankruptcy |
| --- | --- |

| | | | |
| --- | --- | --- | --- |
| **TOTAL HENDRIX, RICHARD J.** | | **$178,673.14 +**<br>UNDETERMINED | |
| 4.8  HUNT, GREG<br>[REDACTED ADDRESS] | 03/28/2024 | $12,500.00 | BOARD OF DIRECTORS COMPENSATION |
| DIRECTOR | 06/27/2024 | $12,500.00 | BOARD OF DIRECTORS COMPENSATION |
| | 07/18/2024 | UNDETERMINED | RESTRICTED STOCK AWARDS |
| | 08/15/2024 | $2,303.67 | BOARD OF DIRECTORS COMPENSATION |
| | 09/24/2024 | $12,500.00 | BOARD OF DIRECTORS COMPENSATION |
| | 12/27/2024 | $12,500.00 | BOARD OF DIRECTORS COMPENSATION |
| **TOTAL HUNT, GREG** | | **$52,303.67 +**<br>UNDETERMINED | |
| 4.9  LEOPOLD TILLEY, ALLISON<br>[REDACTED ADDRESS] | 03/28/2024 | $12,500.00 | BOARD OF DIRECTORS COMPENSATION |
| DIRECTOR | 05/09/2024 | $1,918.81 | BOARD OF DIRECTORS COMPENSATION |
| | 06/27/2024 | $12,500.00 | BOARD OF DIRECTORS COMPENSATION |
| | 07/18/2024 | UNDETERMINED | RESTRICTED STOCK AWARDS |
| | 09/24/2024 | $12,500.00 | BOARD OF DIRECTORS COMPENSATION |
| | 12/27/2024 | $12,500.00 | BOARD OF DIRECTORS COMPENSATION |
| **TOTAL LEOPOLD TILLEY, ALLISON** | | **$51,918.81 +**<br>UNDETERMINED | |
| 4.10  MARTIN, STEPHEN A<br>[REDACTED ADDRESS] | 04/03/2024 | UNDETERMINED | RESTRICTED UNITS |
| | 04/03/2024 | UNDETERMINED | STOCK APPRECIATION RIGHTS |
| CHIEF LEGAL OFFICER AND CORPORATE SECRETARY | | | |
| **TOTAL MARTIN, STEPHEN A** | | **UNDETERMINED** | |
| 4.11  MOODY II, DAVID JESSE<br>[REDACTED ADDRESS] | 03/28/2024 | $10,277.86 | BOARD OF DIRECTORS COMPENSATION |
| DIRECTOR | 05/09/2024 | $858.52 | BOARD OF DIRECTORS COMPENSATION |
| | 06/27/2024 | $12,500.00 | BOARD OF DIRECTORS COMPENSATION |
| | 07/18/2024 | UNDETERMINED | RESTRICTED STOCK AWARDS |
| | 08/22/2024 | $567.93 | BOARD OF DIRECTORS COMPENSATION |

| Part 2: | List Certain Transfers Made Before Filing for Bankruptcy |
|---|---|

| | | Amount | Reason |
|---|---|---|---|
| | 09/19/2024 | $992.49 | BOARD OF DIRECTORS COMPENSATION |
| | 09/24/2024 | $12,500.00 | BOARD OF DIRECTORS COMPENSATION |
| **TOTAL MOODY II, DAVID JESSE** | | **$37,696.80 +** UNDETERMINED | |
| 4.12 NODA, ISAO [REDACTED ADDRESS] | 03/28/2024 | $12,500.00 | BOARD OF DIRECTORS COMPENSATION |
| | 05/09/2024 | $124.62 | BOARD OF DIRECTORS COMPENSATION |
| DIRECTOR | 06/27/2024 | $12,500.00 | BOARD OF DIRECTORS COMPENSATION |
| | 07/18/2024 | UNDETERMINED | RESTRICTED STOCK AWARDS |
| | 08/08/2024 | $553.72 | BOARD OF DIRECTORS COMPENSATION |
| | 09/24/2024 | $12,500.00 | BOARD OF DIRECTORS COMPENSATION |
| | 11/14/2024 | $442.35 | BOARD OF DIRECTORS COMPENSATION |
| | 12/27/2024 | $12,500.00 | BOARD OF DIRECTORS COMPENSATION |
| **TOTAL NODA, ISAO** | | **$51,120.69 +** UNDETERMINED | |
| 4.13 PRATT, STUART [REDACTED ADDRESS] | 03/28/2024 | $12,500.00 | BOARD OF DIRECTORS COMPENSATION |
| | 05/09/2024 | $1,257.42 | BOARD OF DIRECTORS COMPENSATION |
| DIRECTOR | 06/27/2024 | $12,500.00 | BOARD OF DIRECTORS COMPENSATION |
| | 07/18/2024 | UNDETERMINED | RESTRICTED STOCK AWARDS |
| | 09/24/2024 | $12,500.00 | BOARD OF DIRECTORS COMPENSATION |
| | 12/27/2024 | $12,500.00 | BOARD OF DIRECTORS COMPENSATION |
| **TOTAL PRATT, STUART** | | **$51,257.42 +** UNDETERMINED | |
| 4.14 SMITH, MICHAEL E. [REDACTED ADDRESS] | 04/03/2024 | UNDETERMINED | RESTRICTED UNITS |
| | 04/03/2024 | UNDETERMINED | STOCK APPRECIATION RIGHTS |
| CHIEF OPERATING OFFICER | | | |
| **TOTAL SMITH, MICHAEL E.** | | **UNDETERMINED** | |
| 4.15 TUTEN, SCOTT C. [REDACTED ADDRESS] | 04/03/2024 | UNDETERMINED | STOCK APPRECIATION RIGHTS |
| | 04/03/2024 | UNDETERMINED | RESTRICTED UNITS |

| **Part 2:** | **List Certain Transfers Made Before Filing for Bankruptcy** |
| --- | --- |

CHIEF MARKETING AND SUSTAINABILITY
OFFICER

| | **TOTAL TUTEN, SCOTT C.** | **UNDETERMINED** | |
| --- | --- | --- | --- |
| 4.16 VAN TRUMP, PHILLIP D. | 04/03/2024 | UNDETERMINED | RESTRICTED UNITS |
| [REDACTED ADDRESS] | 04/03/2024 | UNDETERMINED | STOCK APPRECIATION RIGHTS |
| CHIEF SCIENCE AND TECHNOLOGY OFFICER | | | |
| | **TOTAL VAN TRUMP, PHILLIP D.** | **UNDETERMINED** | |

| Part 2: | List Certain Transfers Made Before Filing for Bankruptcy |
|---------|----------------------------------------------------------|

5. **Repossessions, foreclosures, and returns**

List all property of the debtor that was obtained by a creditor within 1 year before filing this case, including property repossessed by a creditor, sold at a foreclosure sale, transferred by a deed in lieu of foreclosure, or returned to the seller. Do not include property listed in line 6.

☑ None.

| Creditor's Name and Address | Description of the property | Date | Value of Property |
|-----------------------------|----------------------------|------|-------------------|
|                             |                            |      |                   |

| Part 2: | List Certain Transfers Made Before Filing for Bankruptcy |
|---------|----------------------------------------------------------|

6. **Setoffs**

   List any creditor, including a bank or financial institution, that within 90 days before filing this case set off or otherwise took anything from an account of the debtor without permission or refused to make a payment at the debtor's direction from an account of the debtor because the debtor owed a debt.

   ☑ None.

| Creditor's Name and Address | Description of Action Creditor Took | Date Action Taken | Account Number | Amount |
|-----------------------------|-------------------------------------|-------------------|----------------|--------|

| Part 3: | Legal Actions or Assignments |
| --- | --- |

7. **Legal actions, administrative proceedings, court actions, executions, attachments, or governmental audits**

List the legal actions, proceedings, investigations, arbitrations, mediations, and audits by federal or state agencies in which the debtor was involved in any capacity—within 1 year before filing this case.

☐ None.

| Caption of Suit and Case Number | Nature of Proceeding | Court or Agency and Address | Status of Case |
| --- | --- | --- | --- |
| 7.1 BEREZIN V. DANIMER SCIENTIFIC, INC. ET AL CASE NO: 21-CV-00149 | SHAREHOLDER DERIVATIVE LAWSUIT | U.S. DISTRICT COURT FOR THE DISTRICT OF DELAWARE 844 NORTH KING ST UNIT 18 WILMINGTON, DE 19801-3570 USA | CONCLUDED |
| 7.2 DELMAN V. DANIMER SCIENTIFIC, INC. ET AL C.A. NO. 2021-0451-LWW | SHAREHOLDER DERIVATIVE LAWSUIT | COURT OF CHANCERY FOR THE STATE OF DELAWARE 34 THE CIR GEORGETOWN, DE 19947 USA | CONCLUDED |
| 7.3 IN RE DANIMER SCIENTIFIC, INC. SECURITIES LITIGATION CASE: 23-7674 | CONSOLIDATED CLASS ACTION LAWSUIT | EASTERN DISTRICT OF NEW YORK 225 CADMAN PLAZA E BROOKLYN, NY 11201 USA | CONCLUDED |
| 7.4 PERRI V. DANIMER SCIENTIFIC, INC. ET AL CASE 1:21-CV-01423-WCB | SHAREHOLDER DERIVATIVE LAWSUIT | U.S. DISTRICT COURT FOR THE DISTRICT OF DELAWARE 844 NORTH KING ST UNIT 18 WILMINGTON, DE 19801-3570 USA | CONCLUDED |

| Part 3: | Legal Actions or Assignments |
|---------|------------------------------|

8. **Assignments and receivership**

List any property in the hands of an assignee for the benefit of creditors during the 120 days before filing this case and any property in the hands of a receiver, custodian, or other court-appointed officer within 1 year before filing this case.

☑ None.

| Custodian's Name and Address | Court Name and Address | Case Title and Number | Date | Description of Property | Value |
|------------------------------|------------------------|-----------------------|------|-------------------------|-------|

| Part 4: | Certain Gifts and Charitable Contributions |
|---------|---------------------------------------------|

9. **List all gifts or charitable contributions the debtor gave to a recipient within 2 years before filing this case unless the aggregate value of the gifts to that recipient is less than $1,000**

☑ None.

| Recipient's Name and Address | Recipient's Relation to Debtor | Description of the Gifts and Contributions | Dates Given | Value |
|------------------------------|-------------------------------|--------------------------------------------|-------------|-------|

| Part 5: | Certain Losses |
|---------|----------------|

10. **All losses from fire, theft, or other casualty within 1 year before filing this case.**

☐ None.

| Description of the property lost and how the lost occurred | Amount of Payments Received for the Loss<br><br>If you have received payments to cover the loss, for example, from insurance, government compensation, or tort liability, list the total received.<br><br>List unpaid claims on Official Form 106A/B (Schedule A/B: Assets - Real and Personal Property). | Date of Loss | Value of Property Lost |
|---|---|---|---|
| 10.1 AUTOMOBILE LOSS | $6,282.00 | UNDETERMINED | $6,282.00 |
| 10.2 WORKER'S COMPENSATION CLAIMS LOSS | $5,778.00 | UNDETERMINED | $5,778.00 |

|  | **TOTAL** | **$12,060.00** |
|---|---|---|

| Part 6: | Certain Payments or Transfers |
|---|---|

11. **Payments related to bankruptcy**

List any payments of money or other transfers of property made by the debtor or person acting on behalf of the debtor within 1 year before the filing of this case to another person or entity, including attorneys, that the debtor consulted about debt consolidation or restructuring, seeking bankruptcy relief, or filing a bankruptcy case.

☐ None.

| Who was Paid or Who Received the Transfer? Address | Email / Website | Who Made the Payment, if not Debtor | If not Money, Describe any Property Transferred | Dates | Value |
|---|---|---|---|---|---|
| 11.1 ALIXPARTNERS LLP<br>909 3RD AVE, 30TH FLOOR<br>NEW YORK, NY 10022<br>USA | | | | 11/14/2024 | $300,000.00 |
| | | | | 11/21/2024 | $300,000.00 |
| | | | | 11/27/2024 | $150,000.00 |
| | | | | 12/03/2024 | $150,000.00 |
| | | | | 12/09/2024 | $150,000.00 |
| | | | | 12/19/2024 | $151,729.67 |
| | | | | 12/27/2024 | $151,232.16 |
| | | | | 01/03/2025 | $150,000.00 |
| | | | | 01/09/2025 | $150,000.00 |
| | | | | 01/16/2025 | $150,000.00 |
| | | | | 01/23/2025 | $150,000.00 |
| | | | | 01/30/2025 | $150,000.00 |
| | | | | 02/06/2025 | $120,000.00 |
| | | | | 02/13/2025 | $90,000.00 |
| | | | | 02/20/2025 | $75,000.00 |
| | | | | 02/27/2025 | $65,000.00 |
| | | | | 03/06/2025 | $80,000.00 |
| | | | | 03/13/2025 | $150,000.00 |
| | | | **TOTAL ALIXPARTNERS LLP** | | **$2,682,961.83** |
| 11.2 CENTERVIEW PARTNERS<br>31 WEST 52ND STREET, 22ND FLOOR<br>NEW YORK, NY 10019<br>USA | | | | 10/31/2024 | $150,000.00 |
| | | | | 11/14/2024 | $151,284.00 |
| | | | | 12/09/2024 | $155,224.66 |
| | | | | 01/09/2025 | $150,000.00 |
| | | | | 03/13/2025 | $12,963.02 |
| | | | **TOTAL CENTERVIEW PARTNERS** | | **$619,471.68** |
| 11.3 RICHARDS, LAYTON & FINGER, P.A.<br>920 N KING ST<br>WILMINGTON, DE 19801<br>USA | | | | 11/07/2024 | $1,682.70 |
| | | | | 12/03/2024 | $250,000.00 |
| | | | | 12/19/2024 | $117,380.00 |
| | | | | 03/13/2025 | $150,000.00 |

| Part 6: | Certain Payments or Transfers |
|---|---|

| | | | TOTAL RICHARDS, LAYTON & FINGER, P.A. | $519,062.70 |
|---|---|---|---|---|
| 11.4 | VINSON & ELKINS LLP 1114 6TH AVE 32ND FLOOR NEW YORK, NY 10036 USA | 10/10/2024 | | $2,775.25 |
| | | 11/14/2024 | | $654,010.26 |
| | | 11/29/2024 | | $500,000.00 |
| | | 12/03/2024 | | $1,000,000.00 |
| | | 12/19/2024 | | $500,000.00 |
| | | 12/27/2024 | | $250,000.00 |
| | | 01/03/2025 | | $250,000.00 |
| | | 01/09/2025 | | $250,000.00 |
| | | 01/16/2025 | | $250,000.00 |
| | | 01/23/2025 | | $500,000.00 |
| | | 02/27/2025 | | $250,000.00 |
| | | 03/07/2025 | | $500,000.00 |
| | | | TOTAL VINSON & ELKINS LLP | $4,906,785.51 |
| | | | TOTAL | $8,728,281.72 |

| Part 6: | Certain Payments or Transfers |
|---------|-------------------------------|

12. **Self-settled trusts of which the debtor is a beneficiary**

List any payments or transfers of property made by the debtor or a person acting on behalf of the debtor within 10 years before the filing of this case to a self-settled trust or similar device. Do not include transfers already listed on this statement.

☑ None.

| Name of Trust or Device | Trustee | Describe any Property Transfered | Dates Transfers Were Made | Total Amount / Value |
|-------------------------|---------|----------------------------------|---------------------------|----------------------|

| **Part 6:** | **Certain Payments or Transfers** |
| --- | --- |

13. **Transfers not already listed on this statement**

List any transfers of money or other property - by sale, trade, or any other means - made by the debtor or a person acting on behalf of the debtor within 2 years before the filing of this case to another person, other than property transferred in the ordinary course of business or financial affairs. Include both outright transfers and transfers made as security. Do not include gifts or transfers previously listed on this statement.

☑ None.

| Naname and Address of Transferee, Relationship to Debtor | Description of Property | Date Transfer was Made | Total Amount or Value |
| --- | --- | --- | --- |

| **Part 7:** | **Previous Locations** |

14. **Previous Addresses**

List all previous addresses used by the debtor within 3 years before filing this case and the dates the addresses were used.

☑ None.

| Address | Dates of Occupancy |
|---------|--------------------|
|         |                    |

| Part 8: | Health Care Bankruptcies |
|---|---|

15. **Health Care bankruptcies**

Is the debtor primarily engaged in offering services and facilities for:
- diagnosing or treating injury, deformity, or disease, or
- providing any surgical, psychiatric, drug treatment, or obstetric care?

☑ None.

| Facility Name and Address | Nature of the Business Operation, Including Type of Services the Debtor Provides | Location Where Patient Records are Maintained (if Different from Facility Address). If Electronic, Identify any Service Provider | If Debtor Provides Meals and Housing, Number of Patients in Debtor's Care | How are Records Kept? |
|---|---|---|---|---|

| Part 9: | Personally Identifiable Information |
|---------|-------------------------------------|

16. **Does the debtor collect and retain personally identifiable information of customers?**

☑ No

☐ Yes. State the nature of the information collected and retained.

| Part 9: | Personally Identifiable Information |
|---------|--------------------------------------|

17. **Within 6 years before filing this case, have any employees of the debtor been participants in any ERISA, 401(k), 403(b), or other pension or profit-sharing plan made available by the debtor as an employee benefit?**

☐ No. Go to Part 10.
☑ Yes. Does the debtor serve as plan administrator?

   ☐ No. Go to Part 10.
   ☑ Yes

   Describe: Employee Stock Purchase Plan administered by Fidelity Investment Institutional Operations Company LLC     EIN: 84-1924518

   Has the plan been terminated?

   ☐ No
   ☑ Yes

| Part 10: | Certain Financial Accounts, Safe Deposit Boxes, and Storage Units |
|---|---|

18. **Closed financial accounts**

Within 1 year before filing this case, were any financial accounts or instruments held in the debtor's name, or for the debtor's benefit, closed, sold, moved, or transferred?

Include checking, savings, money market, or other financial accounts; certificates of deposit; and shares in banks, credit unions, brokerage houses, cooperatives, associations, and other financial institutions.

☐ None.

| Financial Institution Name and Address | Last 4 Digits of Account Number | Type of Account | Date of Closing | Last Balance |
|---|---|---|---|---|
| 18.1 TRUIST BANK<br>3522 THOMASVILLE RD.<br>TALLAHASSEE, FL 32309<br>USA | 2882 | MONEY MARKET | 05/02/2024 | $0.00 |
| 18.2 TRUIST BANK<br>3522 THOMASVILLE RD.<br>TALLAHASSEE, FL 32309<br>USA | 8938 | CHECKING | 05/30/2024 | $0.00 |

| **Part 10:** | Certain Financial Accounts, Safe Deposit Boxes, and Storage Units |
| --- | --- |

19. **Safe deposit boxes**

List any safe deposit box or other depository for securities, cash, or other valuables the debtor now has or did have within 1 year before filing this case.

☑ None.

| Depository Institution Name and Address | Names of Anyone with Access to it and Address | Description of the Contents | Does Debtor still have it? |
| --- | --- | --- | --- |

| Part 10: | Certain Financial Accounts, Safe Deposit Boxes, and Storage Units |
|---|---|

20. **Off-premises storage**

List any property kept in storage units or warehouses within 1 year before filing this case. Do not include facilities that are in a part of a building in which the debtor does business.

☑ None.

| Facility Name and Address | Names of Anyone with Access to it | Address | Description of the Contents | Does Debtor still have it? |
|---|---|---|---|---|

| **Part 11:** | **Property the Debtor Holds or Controls That the Debtor Does Not Own** |

21. **Property held for another**

List any property that the debtor holds or controls that another entity owns. Include any property borrowed from, being stored for, or held in trust. Do not list leased or rented property.

☑ None.

| Owner's Name and Address | Location of the Property | Description of the Property | Value |
|---|---|---|---|

| Part 12: | Details About Environmental Information |

For the purpose of Part 12, the following definitions apply:

- Environmental law means any statute or governmental regulation that concerns pollution, contamination, or hazardous material, regardless of the medium affected (air, land, water, or any other medium)
- Site means any location, facility, or property, including disposal sites, that the debtor now owns, operates, or utilizes or that the debtor formerly owned, operated, or utilized.
- Hazardous material means anything that an environmental law defines as hazardous or toxic, or describes as a pollutant, contaminant, or a similarly harmful substance.

**Report all notices, releases, and proceedings known, regardless of when they occurred.**

22. **Has the debtor been a party in any judicial or administrative proceeding under any environmental law? Include settlements and orders.**

☑ None.

| Case Title and Case Number | Court or Agency Name and Address | Nature of Proceeding | Status |
|---|---|---|---|

| **Part 12:** | Details About Environmental Information |
| --- | --- |

For the purpose of Part 12, the following definitions apply:

- Environmental law means any statute or governmental regulation that concerns pollution, contamination, or hazardous material, regardless of the medium affected (air, land, water, or any other medium)
- Site means any location, facility, or property, including disposal sites, that the debtor now owns, operates, or utilizes or that the debtor formerly owned, operated, or utilized.
- Hazardous material means anything that an environmental law defines as hazardous or toxic, or describes as a pollutant, contaminant, or a similarly harmful substance.

**Report all notices, releases, and proceedings known, regardless of when they occurred.**

23. **Has any governmental unit otherwise notified the debtor that the debtor may be liable under or in violation of an environmental law?**

☑ None.

| Site Name and Address | Governmental Unit Name and Address | Environmental Law, if Known | Date of Notice |
| --- | --- | --- | --- |

| Part 12: | Details About Environmental Information |
|---|---|

For the purpose of Part 12, the following definitions apply:

- Environmental law means any statute or governmental regulation that concerns pollution, contamination, or hazardous material, regardless of the medium affected (air, land, water, or any other medium)
- Site means any location, facility, or property, including disposal sites, that the debtor now owns, operates, or utilizes or that the debtor formerly owned, operated, or utilized.
- Hazardous material means anything that an environmental law defines as hazardous or toxic, or describes as a pollutant, contaminant, or a similarly harmful substance.

**Report all notices, releases, and proceedings known, regardless of when they occurred.**

24. **Has the debtor notified any governmental unit of any release of hazardous material?**

☑ None.

| Site Name and Address | Governmental Unit Name and Address | Environmental Law, if Known | Date of Notice |
|---|---|---|---|

| Part 13: | Details About the Debtor's Business or Connections to Any Business |
|---|---|

25. **Other businesses in which the debtor has or has had an interest**

List any business for which the debtor was an owner, partner, member, or otherwise a person in control within 6 years before filing this case. Include this information even if already listed in the Schedules.

☐ None.

| Business Name and Address | Describe the Nature of the Business | Employer Identification Number (Do not include SSN or ITIN) | Dates Business Existed |
|---|---|---|---|
| 25.1 MEREDIAN HOLDINGS GROUP, INC. 140 INDUSTRIAL BOULEVARD BAINBRIDGE, GA 39817 USA | CURRENT SUBSIDIARY | 47-1087239 | - ONGOING |

| Part 13: | Details About the Debtor's Business or Connections to Any Business |
|---|---|

26. **Books, records, and financial statements**

26a. List all accountants and bookkeepers who maintained the debtor's books and records within 2 years before filing this case.

☐ None.

| Name and Address | Dates of Service |
|---|---|
| 26a.1 HAJOST, MICHAEL A<br>[REDACTED ADDRESS] | 03/01/2022 - ONGOING |

| Part 13: | Details About the Debtor's Business or Connections to Any Business |
|---|---|

**26. Books, records, and financial statements**

26b. List all firms or individuals who have audited, compiled, or reviewed debtor's books of account and records or prepared a financial statement within 2 years before filing this case.

☐ None.

| Name and Address | Dates of Service |
|---|---|
| 26b.1 KPMG<br>2323 ROSS AVE SUITE 1400<br>DALLAS , TX 75201<br>USA | 12/31/2020 - ONGOING |

| Part 13: | Details About the Debtor's Business or Connections to Any Business |
|---|---|

**26. Books, records, and financial statements**

26c. List all firms or individuals who were in possession of the debtor's books of account and records when this case is filed.

☐ None.

| Name and Address | If any Books of Account and Records are Unavailable, Explain Why |
|---|---|
| 26c.1  HAJOST, MICHAEL A<br>         [REDACTED ADDRESS] | |

| **Part 13:** | **Details About the Debtor's Business or Connections to Any Business** |
|---|---|

## 26. Books, records, and financial statements

26d. List all financial institutions, creditors, and other parties, including mercantile and trade agencies, to whom the debtor issued a financial statement within 2 years before filing this case.

☐ None.

| **Name and Address** |
|---|

26d.1 ABL OPCO LLC D/B/A MOUNTAIN RIDGE CAPITAL
6801 GAYLORD PKWY.
SUITE 202
FRISCO, TX 75034
USA

26d.2 AMCREF FUND 51, LLC
2525 JENA STREET
NEW ORLEANS, LA 70115
USA

26d.3 AMCREF FUND 76, LLC
2525 JENA STREET
NEW ORLEANS, LA 70115
USA

26d.4 BPI CREDIT 6, LLC
10 ST JAMES AVE
#1700
BOSTON, MA 2116
USA

26d.5 CARVER DEVELOPMENT CDE VI, LLC
C/O CARVER STATE BANK
701 MARTIN LUTHER KING, JR. BOULEVARD
SAVANNAH, GA 31401
USA

26d.6 CDVCA 23, LLC
475 RIVERSIDE DRIVE
SUITE 1264
NEW YORK, NY 10115
USA

26d.7 HRV SUB-CDE 45, LLC
300 E. MAIN STREET
NORFOLK , VA 23510
USA

26d.8 JEFFERIES CAPITAL SERVICES, LLC
520 MADISON AVE
NEW YORK, NY 10022
USA

26d.9 RIVA RIDGE MASTER FUND, LTD.
55 5TH AVE
#1808
NEW YORK, NY 10003
USA

26d.10 ST CDE LXXXII, LLC
303 PEACHTREE STREET N.E.
SUITE 2200

| Part 13: | Details About the Debtor's Business or Connections to Any Business |
|---|---|

MAIL CODE GA-ATL-0243
ATLANTA, GA 30308
USA

26d.11 ST CDE LXXXIII, LLC
C/O TRUIST COMMUNITY CAPITAL LLC
303 PEACHTREE STREET N.E.
SUITE 2200
ATLANTA, GA 30308
USA

26d.12 U.S. BANK TRUST COMPANY, NATIONAL ASSOCIATION
425 WALNUT STREET
CINCINNATI, OH 45202
USA

| Part 13: | Details About the Debtor's Business or Connections to Any Business |
|---|---|

27. **Inventories**

Have any inventories of the debtor's property been taken within 2 years before filing this case?

☑ None.

| Name of the Person who Supervised the Taking of the Inventory | Name and Address of the Person who has Possession of Inventory Records | Date of Inventory | Dollar Amount | Basis |
|---|---|---|---|---|

| Part 13: | Details About the Debtor's Business or Connections to Any Business |
|---|---|

28. **List the debtor's officers, directors, managing members, general partners, members in control, controlling shareholders, or other people in control of the debtor at the time of the filing of this case.**

☐ None.

| Name and Address | Position and Nature of any Interest | Percent of Interest, if any |
|---|---|---|
| 28.1 ALLISON M. LEOPOLD TILLEY [REDACTED ADDRESS] | DIRECTOR | |
| 28.2 ANTHONY AUSTIN [REDACTED ADDRESS] | CHIEF HUMAN RESOURCES OFFICER | |
| 28.3 DR. DAVID J. MOODY [REDACTED ADDRESS] | DIRECTOR | |
| 28.4 DR. ISAO NODA [REDACTED ADDRESS] | DIRECTOR | |
| 28.5 GREGORY HUNT [REDACTED ADDRESS] | DIRECTOR | |
| 28.6 JOHN P. AMBOIAN [REDACTED ADDRESS] | DIRECTOR | |
| 28.7 MICHAEL A. HAJOST [REDACTED ADDRESS] | CHIEF FINANCIAL OFFICER & TREASURER | |
| 28.8 MICHAEL SMITH [REDACTED ADDRESS] | CHIEF OPERATING OFFICER | |
| 28.9 PHIL VAN TRUMP [REDACTED ADDRESS] | CHIEF TECHNOLOGY OFFICER | |
| 28.10 PHILLIP GREGORY CALHOUN [REDACTED ADDRESS] | DIRECTOR | |
| 28.11 RICHARD J. HENDRIX [REDACTED ADDRESS] | DIRECTOR | |
| 28.12 RICHARD N. ALTICE [REDACTED ADDRESS] | INTERIM CHIEF EXECUTIVE OFFICER AND DIRECTOR | |
| 28.13 SCOTT TUTEN [REDACTED ADDRESS] | CHIEF MARKETING AND SUSTAINABILITY OFFICER | |
| 28.14 STEPHEN E. CROSKREY [REDACTED ADDRESS] | DIRECTOR | |
| 28.15 STEPHEN MARTIN [REDACTED ADDRESS] | CHIEF LEGAL OFFICER AND CORPORATE SECRETARY | |
| 28.16 STUART W. PRATT [REDACTED ADDRESS] | DIRECTOR | |

| **Part 13:** | Details About the Debtor's Business or Connections to Any Business |
|---|---|

29. **Within 1 year before the filing of this case, did the debtor have officers, directors, managing members, general partners, members in control of the debtor, or shareholders in control of the debtor who no longer hold these positions?**

☐ None.

| Name and Address | Position and Nature of Interest | Period During Which Position Was Held |
|---|---|---|
| 29.1 CYNTHIA COHEN [REDACTED ADDRESS] | DIRECTOR | 08/01/2022 - 12/01/2024 |

| Part 13: | Details About the Debtor's Business or Connections to Any Business |
|---|---|

30. **Payments, Distributions, or Withdrawals Credited or Given to Insiders**

Within 1 year before filing this case, did the debtor provide an insider with value in any form, including salary, other compensation, draws, bonuses, loans, credits on loans, stock redemptions, and options exercised?

☐ None.

| Name and Address of Recipient and Relationship to Debtor | Amount | Amount Description | Dates | Reason for Providing the Value |
|---|---|---|---|---|
| 30.1  REFER TO SOFA 4 | $0.00 | | | |
| **TOTAL REFER TO SOFA 4** | **$0.00** | | | |

**TOTAL**  **$0.00**

| Part 13: | Details About the Debtor's Business or Connections to Any Business |
|---|---|

31. **Within 6 years before filing this case, has the debtor been a member of any consolidated group for tax purposes?**

☑ None.

| **Name of Parent Corporation** | **Employer Identification Number of the Parent Corporation** |
|---|---|

| **Part 13:** | **Details About the Debtor's Business or Connections to Any Business** |

32. **Within 6 years before filing this case, has the debtor as an employer been responsible for contributing to a pension fund?**

☑ None.

| **Name of Pension Fund** | **Employer Identification Number of the Parent Corporation** |
| --- | --- |

| Part 14: | Signature and Declaration |
|---|---|

WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

I have examined the information in this Statement of Financial Affairs and any attachments and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

**Executed on:**  04/15/2025

**Signature:**  /s/ Michael A. Hajost

Michael A. Hajost, Chief Financial Officer & Treasurer

**Name and Title**

Are additional pages to the Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy (Official Form 207) attached?

☑ No
☐ Yes