# IN THE UNITED STATES BANKRUPTCY
# COURT FOR DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | § § | Chapter 11 |
| | § | |
| DANIMER SCIENTIFIC, INC., *et al.* | § § | Case No. 25-10518 |
| Debtors | § § | |
| | § | |

## SCHEDULES OF ASSETS AND LIABILITIES FOR
## Danimer Scientific Holdings, LLC
### CASE NO. 25-10520

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| DANIMER SCIENTIFIC, INC., *et al.*, | ) | Case No. 25 – 10518 (MFW) |
|  | ) |  |
| Debtors.[1] | ) | (Jointly Administered) |
|  | ) |  |

## GLOBAL NOTES AND STATEMENTS OF LIMITATIONS, METHODOLOGY, AND DISCLAIMERS REGARDING DEBTORS' SCHEDULES OF ASSETS AND LIABILITIES AND STATEMENTS OF FINANCIAL AFFAIRS

### INTRODUCTION

The debtors and debtors in possession (collectively, the "***Debtors***" or the "***Company***") in the above-captioned chapter 11 cases (these "***Chapter 11 Cases***") submit their *Schedules of Assets and Liabilities* (the "***Schedules***") and *Statements of Financial Affairs* (the "***Statements***") pursuant to section 521 of the Bankruptcy Code (as defined below) and Rule 1007 of the Federal Rules of Bankruptcy Procedure.

On March 18, 2025 (the "***Petition Date***"), the Debtors commenced these Chapter 11 Cases by filing voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "***Bankruptcy Code***") with the United States Bankruptcy Court for the District of Delaware (the "***Court***"). These Chapter 11 Cases have been consolidated for procedural purposes only and are being jointly administered under Case No. 25-10518 (MFW). The Debtors are authorized to operate their business as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

The Schedules and Statements have been prepared by the Debtors' management team, with the assistance of their professional advisors, with reliance upon the efforts, statements, and representations of personnel of the Debtors and the advice of the Debtors' professional advisors. The Schedules and Statements are unaudited and subject to potential adjustment. In preparing the Schedules and Statements, the Debtors relied on financial data derived from their books and records that was available at the time of preparation. The Debtors have used commercially reasonable efforts to ensure the accuracy and completeness of such information and data; however,

---

[1]   The Debtors in these Chapter 11 Cases and the last four digits of their respective federal tax identification numbers are:  Danimer Scientific, Inc. (4518); Danimer Bioplastics, Inc. (8734); Danimer Scientific Holdings, LLC (8521); Danimer Scientific Kentucky, Inc. (6371); Danimer Scientific Manufacturing, Inc. (0322); Danimer Scientific, L.L.C. (7346); Meredian Bioplastics, Inc. (5822); Meredian Holdings Group, Inc. (7239); Meredian, Inc. (7507); and Novomer, Inc. (4173).  The location of the Debtors' corporate headquarters is:  140 Industrial Boulevard, Bainbridge, Georgia, 39817.

subsequent information, data, or discovery may result in material changes to the Schedules and Statements and inadvertent errors, omissions, or inaccuracies may exist.

The Debtors and their estates reserve all rights to amend or supplement the Schedules and Statements as may be necessary and appropriate, but expressly do not undertake any obligation to update, modify, revise, or re-categorize the information provided in the Schedules and Statements or to notify any third party should the information be updated, modified, revised, or re-categorized, except as required by applicable law or order of the Court.  Nothing contained in the Schedules and Statements or these *Global Notes and Statements of Limitations, Methodology, and Disclaimers Regarding Debtors' Schedules of Assets and Liabilities and Statements of Financial Affairs* (these "***Global Notes***") shall constitute a waiver of any rights of the Debtors and their estates or an admission with respect to these Chapter 11 Cases, including, but not limited to, any issues involving objections to claims, setoff or recoupment, equitable subordination or recharacterization of debt, defenses, characterization or re-characterization of contracts, leases, and claims, assumption or rejection of contracts and leases, and/or causes of action arising under the Bankruptcy Code or any other applicable laws.

The Debtors and their agents, attorneys, and financial advisors shall not be liable for any loss or injury arising out of, or caused in whole or in part by, the acts, errors, or omissions, whether negligent or otherwise, in procuring, compiling, collecting, interpreting, reporting, communicating, or delivering the information contained herein.  In no event shall the Debtors or their agents, attorneys, and financial advisors be liable to any third party for any direct, indirect, incidental, consequential, or special damages (including, but not limited to, damages arising from the disallowance of a potential claim against the Debtors or damages to business reputation, lost business or lost profits), whether foreseeable or not and however caused, even if the Debtors or their agents, attorneys, and financial advisors are advised of the possibility of such damages.

These Global Notes are incorporated by reference in, and compromise an integral part of, all the Schedules and Statements, and should be referred to and reviewed in connection with any review of the Schedules and Statements.

## <u>GLOBAL NOTES AND OVERVIEW OF METHODOLOGY</u>

1.   **<u>Reservation of Rights</u>.**  The Debtors reserve the right to dispute or to assert setoff or other defenses to any claim reflected in the Schedules and Statements as to amount, liability, and classification.  The Debtors also reserve all rights with respect to the values, amounts, and characterizations of the assets and liabilities listed in their Schedules and Statements.

2.   **<u>Basis of Presentation</u>.**  The Schedules and Statements reflect the separate assets and liabilities of each individual Debtor.  For financial reporting purposes, the Debtors historically prepared consolidated financial statements, which included financial information for the Debtors' business enterprise, which were audited annually.

These Schedules and Statements do not purport to represent financial statements prepared in accordance with Generally Accepted Accounting Principles ("***GAAP***"), nor are they intended to reconcile to the financial statements previously distributed to lenders, major creditors, or other stakeholders on an intermittent basis.

The Schedules and Statements have been signed by Michael Hajost, Chief Financial Officer for Danimer Scientific, Inc. and an officer of the Company. In reviewing and signing the Schedules and Statements, Mr. Hajost necessarily relied upon the efforts, statements, and representations of the accounting and non-accounting personnel who report to, or work with, Mr. Hajost, either directly or indirectly. Mr. Hajost has not, and could not have, personally verified the accuracy of each such statement and representation, including statements and representations concerning amounts owed to creditors.

3.    **Insiders** Persons listed as "insiders" have been included for informational purposes only, and such listing is not intended to be, nor should be construed as, a legal characterization of such person as an insider, nor does it serve as an admission of any fact, claim, right, or defense, and all such claims, rights, and defenses with respect thereto are hereby expressly reserved.

4.    **Accounts Payable and Distribution System.**    The Debtors use a consolidated cash management system through which the Debtors pay substantially all liabilities and expenses. A more complete description of the Cash Management System is set forth in the *Motion of Debtors for Entry of Interim and Final Orders (I) Authorizing the Debtors to (A) Maintain Their Cash Management System, (B) Continue Using Existing Business Forms, and (C) Continue Intercompany Transfers, (II) Providing Administrative Expense Priority Status for Postpetition Intercompany Claims, (III) Extending Time to Comply with Section 345(b) of the Bankruptcy Code, (IV) Waiving Compliance with Certain of the U.S. Trustee's Operating Guidelines, and (V) Granting Related Relief* [Docket No. 11] filed on the Petition Date.

5.    **Date of Valuations.**    Except as otherwise noted in the Schedules and Statements, all liabilities are valued as of the Petition Date. Where values as of the Petition Date are not available, or where making calculations as of the Petition Date would create undue expense to the estates, the Debtors used values as of the prior month-end close, February 28, 2025. The Schedules and Statements reflect the Debtors' best effort to allocate the assets, liabilities, receipts, and expenses to the appropriate Debtor entity "as of" such dates. All values are stated in United States currency. The Debtors made reasonable efforts to allocate liabilities between the pre- and postpetition periods based on the information and research that was conducted in connection with the preparation of the Schedules and Statements. As additional information becomes available and further research is conducted, the Debtors may modify the allocation of liabilities between the pre- and postpetition periods and amend the Schedules and Statements accordingly.

6.    **Book Value.**    Except as otherwise noted, each asset and liability of each Debtor is shown on the basis of net book value of the asset or liability in accordance with such Debtor's accounting books and records. Therefore, unless otherwise noted, the Schedules and Statements are not based upon any estimate of the current market values of the Debtors' assets and liabilities, which may not correspond to book values. It would be cost prohibitive and unduly burdensome to obtain current market valuations of all of the Debtors' interests. Except as otherwise noted, the Debtors' assets are presented, in detail, as they appear on the Debtors' accounting sub-ledgers. As such, the detail may include error corrections and value adjustments. The Debtors believe that certain of their

intangibles assets may have been significantly impaired by, among other things, the events leading to, and the commencement of, the Chapter 11 Cases. The Debtors have not yet formally evaluated the appropriateness of the carrying values ascribed to their assets prior to the Petition Date.

7.     **Property and Equipment.**  Owned property and equipment are recorded at cost and are shown net of depreciation. Depreciation is recorded using the straight-line method over the estimated useful lives of the assets, which generally range from three to ten years for furniture, fixtures, equipment, and software and as much as fifteen to twenty years for certain equipment. Leasehold improvements are amortized on the straight-line method over the expected lease term. Nothing in the Schedules and Statements is, or shall be construed as, an admission as to the determination of the legal status of any lease (including, without limitation, whether any lease is a true lease or a financing arrangement, and whether such lease is unexpired), and the Debtors and their estates reserve all rights with respect to such issues.

8.     **Causes of Action.**  The Debtors have made their best efforts to set forth known causes of action against third parties as assets in their Schedules and Statements. The Debtors reserve all of their rights with respect to causes of action they may have (including, but not limited to, causes of action arising under the Bankruptcy Code or any other applicable laws), whether disclosed or not disclosed, and neither these Global Notes nor the Schedules and Statements shall be deemed a waiver of any such causes of action, or in any way waive, prejudice, impair, or otherwise affect the assertion of such claims and causes of action.

9.     **Litigation.**  Certain litigation actions (collectively, the "***Litigation Actions***") reflected as claims against a particular Debtor may relate to other Debtors. The Debtors made reasonable efforts to accurately record the Litigation Actions in the Schedules and Statements of the Debtor(s) that is the party to the Litigation Action. The inclusion of any Litigation Action in the Schedules and Statements does not constitute an admission by the Debtors of liability, the validity of any Litigation Action, or the amount of any potential claim that may result from any claims with respect to any Litigation Action, or the amount and treatment of any potential claim resulting from any Litigation Action currently pending or that may arise in the future.

10.    **Credits and Adjustments.**  In the ordinary course of their business, the Debtors apply credits against amounts otherwise due to vendors. These credits arise because, among other things, (a) materials ordered and paid for may not be delivered, (b) materials delivered may be damaged or unusable, (c) the vendor provided volume rebates and cash discounts, and (d) quantity and/or shipping variances and violations may have occurred. Certain of these credits are subject to change. Claims of vendors and creditors are listed in the amounts entered on the Debtors' books and records, and may not reflect certain credits, allowances, or other adjustments due from such vendors or creditors to the Debtors. The Debtors and their estates reserve all rights with regard to any such credits, allowances, and other adjustments, including, without limitation, the right to assert claims, objections, setoffs, and recoupments with respect to the same.

11. **Executory Contracts and Unexpired Leases.** The Debtors have not set forth certain executory contracts as assets in the Schedules and Statements, even though these contracts may have some value to the Debtors' estates. Rather, certain executory contracts have been set forth solely on Schedule G, unless omitted due to confidentiality concerns. Unexpired leases have been included as assets in Schedules and Statements valued at an undetermined amount. The Debtors' rejection of executory contracts and unexpired leases may result in the assertion of rejection damages claims against the Debtors and their estates; however, the Schedules and Statements do not reflect any claims for rejection damages. The Debtors and their estates reserve all rights with respect to the assertion of any such claims. Every effort has been made to locate and accurately attribute contracts and leases to the appropriate Debtor entity; however, inadvertent omissions or misattributions may exist despite such efforts.

12. **Claims.** Certain of the Debtors' Schedules list creditors and set forth the Debtors' estimate of the claims of creditors as of the Petition Date. The claim amounts reflected on the Schedules may include the Debtors' estimates for vendor charges not yet invoiced. By estimating certain invoices, the Debtors are not representing that they have sought to identify and estimate all uninvoiced vendor charges. While the Debtors have made their best efforts to reflect the claims by vendor, excluding these various adjustments, while including the "vendor credits" discussed above, the actual unpaid claims of creditors that may be allowed in these Chapter 11 Cases may differ from the amounts set forth in the Schedules and Statements.

   The Debtors intentionally have not included "non-cash" accruals *(i.e.*, accruals to recognize expense or liability over multiple periods where no specific obligation to perform is established, such as accruals to equalize lease payments) in the Schedules and Statements.

13. **First Day Orders.** Pursuant to various "first day" orders and any supplements or amendments to such orders entered by the Court (each, a "***First Day Order***," and collectively, the "***First Day Orders***"), the Debtors and their estates are authorized or expect to be authorized to pay certain prepetition claims, including, without limitation, certain claims relating to employee wages and benefits, claims for taxes and fees, and claims related to insurance programs. Unless otherwise set forth herein, the Debtors have not included in the Schedules and Statements amounts paid under the First Day Orders.

14. **Classifications and Claims Descriptions.** Any failure to designate a claim listed on a Debtor's Schedule as "disputed," "contingent," or "unliquidated" does not constitute an admission by the Debtors that the claim is not "disputed," "contingent," or "unliquidated." Likewise, listing a claim (a) on Schedule D as "secured," (b) on Schedule E/F as "unsecured priority," or "unsecured non-priority," or (c) listing a contract or lease on Schedule G as "executory" or "unexpired," does not constitute an admission by the Debtors and their estates of the legal rights of any claimant, or a waiver of the rights of the Debtors and their estates to amend these Schedules and Statements to recharacterize or reclassify any claim or contract. The Debtors and their estates reserve the right to (i) object to, or otherwise dispute or assert setoff rights, cross-claims, counterclaims or defenses to, any claim reflected on the Schedules on any grounds, including, without limitation, amount,

5

liability, validity, priority, or classification, or (ii) otherwise designate subsequently any claim as "disputed," "contingent," or "unliquidated."

15. **Addresses of Individuals.** Consistent with that certain *Order (I) Authorizing Debtors to Redact Certain Personal Identification Information, (II) Waiving the Requirement to File a List of Equity Security Holders of Danimer Scientific, Inc. and Provide Direct Notice Thereto, and (III) Granting Related Relief* [Docket No. 176], the Debtors have attempted to redact addresses for individuals, where reasonably possible, in order to protect the privacy of these individuals. The Debtors have served and will continue to serve all necessary notices, including notice of any claims bar date, to the actual address of each of these individuals.

16. **Estimates.** The Debtors were required to make certain estimates and assumptions that affect the reported amounts of assets and liabilities and reported revenue and expenses. Actual results could differ materially from such estimates. The Debtors and their estates reserve all rights to amend the reported amounts of assets, liabilities, revenue, and expenses to reflect changes in those estimates and assumptions.

17. **Artificial Intelligence and/or Machine Learning Technology**. In certain situations, the Debtors and/or the Debtors advisors may have used artificial intelligence and/or machine learning technology ("**AI**") in preparation of the information included in the Schedules and Statements. AI has many benefits including the ability to review large amounts of data in a relatively short period of time, and generate complex output based upon such data. However, AI technology has inherent limitations and can produce inaccurate results. In all cases where AI was utilized, the Debtors and/or the Debtors advisors made reasonable efforts to have a human review and edit the final content. However, inaccuracies may occur and consequently no assurances can be made regarding the information derived based upon AI technology that was included in the Schedules and Statements.

## SPECIFIC ADDITIONAL DISCLOSURES WITH RESPECT TO SCHEDULES

### Schedule A/B

**Item 7:** These deposits include the reserve accounts for the NMTC loans.

**Item: 8**: Certain retainers or deposits reflect payments to the Debtors' professionals made by a certain Debtor entity, but may be subject to applicable allocation amongst the Debtors. The retainers and deposits are listed as of the Petition Date. Professional retainers and other prepaid deposits may be subject to reconciliation.

**Item 11:** Accounts receivable includes the accounts receivable aging as of the Petition Date, and the allowance for doubtful accounts, other receivables, and long-term accounts receivable as of month end February 28, 2025.

This item excludes intercompany receivables. However, the corresponding intercompany payables balance can be found in Schedule E/F.

**Item 13**: A complete description of the investments and organizational structure is included in the *Declaration of Frank A. Pometti in Support of Chapter 11 Cases and First-Day Motions Filed By Danimer Scientific, Inc.* [Docket No. 15].

**Item 21:**  Inventory is listed as of month end February 28, 2025 and includes capitalized freight and overhead, as well as inventory adjustments.  Inventory is shown net of reductions for shrink, lower of cost or market, and inventory write-off reserves, as well as the unamortized portion of vendor entitlements and other credits not recorded at this accounting level.

Consumables & Spare Parts Inventory held by Danimer Scientific Kentucky, Inc. includes items not intended for sale, such as consumables and repair parts. While these items are initially tracked as inventory, they are not included in inventory in the general ledger. The reclassified amounts are reflected within Schedule A/B in other sections.

**Item 50:**  The Debtors own certain machinery, fixtures, and equipment that are fully depreciated, have a book value of $0, and have been excluded from the Schedules.

**Item 55:**  The Debtors have made certain improvements to real estate, which have been excluded from the Schedules as they are fully depreciated and have a book value of $0.

After the Petition Date, the Debtor's lease agreement with Edwin J. Perry, III  has been rejected pursuant an order of the Court [Docket No. 142].

The Construction in Progress asset reflects primarily expenses incurred by the Debtors in building a new production facility in Bainbridge, Georgia, which is currently halted and has not yet been completed.

**Items 59-66:**  The Debtors do not have a recent valuation for the items listed in Part 10. Accordingly, the Debtors have not listed the value of such items because the values on the Debtors' books and records may not accurately reflect their value in the marketplace.

**Item 72:**  Danimer Scientific, Inc. is the consolidated tax filer for the group.  Tax attributes for the entire group are reported at Danimer Scientific, Inc. as the entity that files the return, at an undetermined amount.

**Item 73:**  The Debtors' insurance policies cover all of the entities in the group.  The related prepaid insurance assets are scheduled at Danimer Scientific Holdings, LLC.

**Items 74 and 75:**  Despite their commercially reasonable efforts to identify all known assets, the Debtors may not have listed all of their respective causes of action or potential causes of action against third parties as assets in Schedule A/B, Part 11, Items 74 and 75, including, but not limited to, causes of action arising under the Bankruptcy Code or any other applicable laws (including, but not limited to, potential preference actions and/or fraudulent transfer action).  The Debtors and their estates reserve all rights with respect to any claims and causes of action that they may have, and neither these Global Notes nor the Schedules and Statements shall be deemed a waiver of any such claims and causes of actions, or in any way waive, prejudice, impair, or otherwise affect the assertion of such claims and causes of action.

Causes of Action for Meredian Bioplastics, Inc., for "Entek Deposit Refund Demand Letter" is included at an 'Undetermined' amount.

## Schedule D

Except as otherwise ordered by the Court, the Debtors reserve their rights to dispute or challenge the validity, perfection, or immunity from avoidance of any lien purported to be granted or perfected in any specific asset for the benefit of a secured creditor listed on a Debtor's Schedule D. Moreover, although the Debtors may have scheduled claims of various creditors as secured claims for informational purposes, the Debtors reserve all rights to dispute or challenge the secured nature of any such creditor's claim or the characterization of the structure of any such transaction or any document or instrument (including without limitation, any intercompany agreement) related to such creditor's claim.

Except as specifically stated herein, real property and equipment lessors, utility companies, and other parties which may hold security deposits or have security interests up to the value of their leased property, have not been listed on Schedule D. The Debtors have not included parties that may believe their claims are secured through setoff rights or inchoate statutory lien rights.

Guarantor entities for secured debt liabilities are marked as "contingent" while the borrower entity is not. Equipment financing obligations secured by specific assets are included in Schedule D and are designated as "contingent" where the Debtors are guarantors and "unliquidated" where the claim amounts have not yet been determined.

## Schedule E/F

The Debtors reserve their right to dispute or challenge whether claims owing to various taxing authorities are entitled to priority and the listing of any claim on Schedule E/F, Part 1 does not constitute an admission that such claim is entitled to priority treatment pursuant to section 507 of the Bankruptcy Code.

In certain instances, a Debtor may be a guarantor with respect to scheduled claims of other Debtors. No claim set forth on the Schedule E/F of any Debtor is intended to acknowledge claims of creditors that are or may be otherwise satisfied or discharged.

Schedule E/F does not include certain deferred charges, deferred liabilities, accruals, or general reserves. Such amounts are, however, reflected on the Debtors' books and records as required in accordance with GAAP. Such accruals are general estimates of liabilities and do not represent specific Claims as of the Petition Date.

The Debtors have listed their known creditors in Schedule E/F. To the extent attorneys have entered appearances on behalf of such creditors, those appearances are noted on the docket of the Chapter 11 Cases and are not separately listed in Item 4.

Third parties should not anticipate that the relationship of aggregate asset values and aggregate liabilities set forth in the Schedules will reflect their ultimate recoveries in these Chapter 11 Cases. Actual assets and liabilities may deviate from the amounts shown in the Schedules due to various events that occur throughout the duration of these Chapter 11 Cases.

Any credits due to customers are excluded from the liability schedule as these credits are only redeemable when applied against future orders.

## Schedule G

The business of the Debtors is complex and, while every effort has been made to ensure the accuracy of Schedule G, inadvertent errors or omissions may have occurred.  The contracts, agreements, and leases listed on Schedule G may have expired or may have been modified, amended, or supplemented from time to time by various amendments, restatements, waivers, estoppel certificates, letter and other documents, instruments and agreements that may not be listed therein.  Relationships between the Debtors and their vendors are often governed by a master services agreement, under which vendors also place work and purchase orders, which may be considered executory contracts.  The Debtors believe that disclosure of all of these purchases and work orders would be impracticable and unduly burdensome.  Likewise, in some cases, the same supplier or provider may appear multiple times in Schedule G.

Unless otherwise specified on Schedule G, each executory contract or unexpired lease listed thereon shall include all final exhibits, schedules, riders, modifications, declarations, amendments, supplements, attachments, restatements, or other agreements made directly or indirectly by any executed agreement, instrument, or other document that in any manner affects such executory contract or unexpired lease, without respect to whether such agreement, instrument, or other document is listed thereon. The Debtors and their estates hereby reserve all of their rights, claims, and causes of action to (i) dispute the validity, status, or enforceability of any contracts, agreements, or leases set forth in Schedule G, (ii) dispute or challenge the characterization of the structure of any transaction, document, or instrument related to a creditor's claim, including, but not limited to, the agreements listed on Schedule G; and (iii) amend or supplement such Schedule as necessary.

Certain contracts where it is unclear which Debtor entity is the actual counterparty are listed under the Debtor entity with which the counterparty historically conducted business, based on prior disbursements and available records.

## Schedule H

Due to their voluminous nature, and to avoid unnecessary duplication, the Debtors have not included on Schedule H debts for which more than one Debtor may be liable if such debts were already reflected on Schedules E/F or G for the respective Debtors subject to such debt.

## SPECIFIC ADDITIONAL DISCLOSURES WITH RESPECT TO STATEMENTS

**Question 1:** Revenue is reflected net of returns and allowances, coupons, discounts, and sales tax.

**Question 2:** Immaterial revenues from scrap sales are included in Question 1. Interest earned on cash holdings held in money market accounts is included in the net interest expense line and reduces interest expense.

**Question 4:**  Certain of the Debtors' intercompany transfers are reflected through accounting entries rather than cash transfers.  The Debtors have only listed cash transfers, excluding the voluminous non-cash intercompany accounting entries, in Question 4 of the Statements.

Payments scheduled in Question 4 are based on which Debtor entity recorded the transfer.  Certain individuals appear in multiple Debtors' Question 4, if they were paid by multiple Debtors.  Cash payments made to Non-Debtor Danimer IPCo, LLC in the 1 year preceding the filing increased Meredian Holdings Group, Inc.'s Investment in Consolidated Subsidiaries asset balance by $16.4 million.

Restricted Stock Awards, Restricted Stock Units, and Stock Appreciation Rights are reported as "Undetermined" given the ongoing fluctuations in the value of the Debtors' publicly traded common stock.

**Question 6:**  The Debtors have used their best efforts to reflect setoffs made by creditors without permission that the Debtors are aware of; however, there may be instances, including, without limitation, credits due to landlords and holdbacks made by credit card processors, where such a setoff has occurred without the Debtors' knowledge.

**Question 11**: Certain disbursements listed in Statements, Part 6, Question 11 reflect payments to professionals made by a specific Debtor entity, but may be subject to applicable allocation amongst the Debtors. Payments related to bankruptcy in Question 11 are consolidated in Danimer Scientific, Inc. The Debtors have listed payments made to professionals retained by the Debtors but not payments made to advisors of their pre-petition and postpetition lenders or other parties on account of any applicable fee arrangements. Payment dates listed in response to Statements, Part 6, Question 11 are based upon the Debtors' books and records. Payment dates shown in professional retention applications may vary due to payment receipt and/or processing date.

**Question 20:**  The locations listed for off-premise storage do not include shippers that are holding goods in-transit, including, but not limited to, goods on ships, in trucks, or in warehouses where they may be temporarily stored during the transport process.

**Question 26d:**  From time to time, the Debtors provide financial statements in the ordinary course of business to certain parties for business, statutory, credit, financing, and other reasons. Recipients may include regulatory and tax agencies, financial institutions, investment banks, vendors, debtholders, and their legal and financial advisors.  Additionally, the Debtors contacted various parties in connection with the Debtors' efforts to market and sell their assets and raise new sources of capital.  The Debtors shared certain financial information under non-disclosure agreements to certain of those parties, who are not individually disclosed herein.

*[Remainder of Page Left Intentionally Blank]*

| Fill in this information to identify the case and this filing: | |
|---|---|
| Debtor Name: | Danimer Scientific Holdings, LLC |
| United States Bankruptcy Court: | District of Delaware |
| Case Number (if known): | 25-10520 |

Form 206A/B

# Schedule A/B: Assets - Real and Personal Property

**Disclose all property, real and personal, which the debtor owns or in which the debtor has any other legal, equitable, or future interest. Include all property in which the debtor holds rights and powers exercisable for the debtor's own benefit. Also include assets and properties which have no book value, such as fully depreciated assets or assets that were not capitalized. In Schedule A/B, list any executory contracts or unexpired leases. Also list them on Schedule G: Executory Contracts and Unexpired Leases (Official Form 206G).**

**Be as complete and accurate as possible. If more space is needed, attach a separate sheet to this form. At the top of any pages added, write the debtor's name and case number (if known). Also identify the form and line number to which the additional information applies. If an additional sheet is attached, include the amounts from the attachment in the total for the pertinent part.**

For Part 1 through Part 11, list each asset under the appropriate category or attach separate supporting schedules, such as a fixed asset schedule or depreciation schedule, that gives the details for each asset in a particular category. List each asset only once. In valuing the debtor's interest, do not deduct the value of secured claims. See the instructions to understand the terms used in this form.

| **Part 1:** | **Cash and cash equivalents** |
|---|---|

1. **Does the debtor have any cash or cash equivalents?**

   ☐ No. Go to Part 2.
   ☑ Yes. Fill in the information below.

| General Description | Type of Account (if applicable) | Last 4 digits of account # (if applicable) | Current value of debtor's interest |
|---|---|---|---|

2. **Cash on hand**

3. **Checking, savings, money market, or financial brokerage accounts (Identify all)**

| | | | | |
|---|---|---|---|---|
| 3.1 | TRUIST BANK | PAYROLL ACCOUNT | X8334 | $83,674.76 |
| 3.2 | TRUIST BANK | COLLECTIONS ACCOUNT | X8870 | $376.52 |
| 3.3 | TRUIST BANK | DISBURSEMENT ACCOUNT | X8888 | $9,606.56 |
| 3.4 | TRUIST BANK | MRC RETURN FUNDS DEPOSIT ACCOUNT | X3895 | $0.00 |
| 3.5 | TRUIST BANK | MRC/ABL FUNDS MONEY MARKET ACCOUNT | X8802 | $0.00 |
| 3.6 | TRUIST BANK | UTILITIES ADEQUATE ASSURANCE ACCOUNT | X3864 | $0.00 |

4. **Other cash equivalents (Identify all)**

5. **Total of Part 1.**
   Add lines 2 through 4. Copy the total to line 80.     **$93,657.84**

# Schedule A/B: Assets - Real and Personal Property

| Part 1: | Cash and cash equivalents |
|---------|---------------------------|

| General Description | Type of Account (if applicable) | Last 4 digits of account # (if applicable) | Current value of debtor's interest |
|---------------------|--------------------------------|--------------------------------------------|------------------------------------|

# Schedule A/B: Assets - Real and Personal Property

| Part 2: | Deposits and prepayments |
|---|---|

6. **Does the debtor have any deposits or prepayments?**
   - ☐ No. Go to Part 3.
   - ☑ Yes. Fill in the information below.

| General Description | Current value of debtor's interest |
|---|---|
| 7. **Deposits, including security deposits and utility deposits**<br>Description, including name of holder of deposit | |
| 8. **Prepayments, including prepayments on executory contracts, leases, insurance, taxes, and rent**<br>Description, including name of holder of prepayment | |
| 8.1  PREPAID INSURANCE - ASCOT SPECIALTY INSURANCE COMPANY - POLLUTION LIABILITY | $75,887.70 |
| 8.2  PREPAID INSURANCE - FACTORY MUTUAL INSURANCE COMPANY - PROPERTY / INLAND MARINE | $370,346.43 |
| 8.3  PREPAID INSURANCE - XL SPECIALTY INSURANCE COMPANY - DIRECTORS & OFFICERS | $346,060.18 |
| 8.4  PREPAID INSURANCE - COALITION INSURANCE SOLUTIONS - CYBER | $29,674.45 |
| 8.5  PREPAID INSURANCE - ENVIRONMENTAL INSURANCE | $15,255.52 |
| 8.6  PREPAID EXPENSE - ADOBE | $11,691.91 |
| 8.7  PREPAID EXPENSE - BIOMADE | $4,203.30 |
| 8.8  PREPAID EXPENSE - CHEMTREC | $471.81 |
| 8.9  PREPAID EXPENSE - CHURCHILL DOWNS | $12,386.90 |
| 8.10  PREPAID EXPENSE - DAXFO TECHNOLOGY PVT LTD | $4,517.32 |
| 8.11  PREPAID EXPENSE - DOCUSIGN | $4,418.65 |
| 8.12  PREPAID EXPENSE - ENVOY | $218.55 |
| 8.13  PREPAID EXPENSE - FASTPATH SOLUTIONS | $8,207.69 |
| 8.14  PREPAID EXPENSE - FLOQAST | $38,964.40 |
| 8.15  PREPAID EXPENSE - INSIGHTS SOFTWARE | $11,174.90 |
| 8.16  PREPAID EXPENSE - INTERNATIONAL BUSINESS MACHINE CORP | $13,245.65 |
| 8.17  PREPAID EXPENSE - SIGNUP SOFTWARE | $17,519.78 |
| 8.18  PREPAID EXPENSE - SOFTWARE AG USA INC. | $4,388.29 |
| 8.19  PREPAID EXPENSE - US PLASTICS | $425.82 |
| 8.20  PREPAID EXPENSE - DELINEA | $45,833.00 |
| 8.21  PREPAID EXPENSE - TRUECONTEXT | $16,922.47 |

9. **Total of Part 2.**
   Add lines 7 through 8. Copy the total to line 81.

| | $1,031,814.71 |
|---|---|

# Schedule A/B: Assets - Real and Personal Property

| Part 3: | Accounts receivable |
|---|---|

10. **Does the debtor have any accounts receivable?**

☑ No. Go to Part 4.
☐ Yes. Fill in the information below.

| General Description | Face or requested amount | Doubtful or uncollectable | Current value of debtor's interest |
|---|---|---|---|

11. **Accounts receivable**

12. **Total of Part 3.**
Current value on lines 11a + 11b = line 12. Copy the total to line 82.

# Schedule A/B: Assets - Real and Personal Property

| Part 4: | Investments |
|---|---|

13. **Does the debtor own any investments?**

☐ No. Go to Part 5.
☑ Yes. Fill in the information below.

| General Description | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|

14. **Mutual funds or publicly traded stocks not included in Part 1**
Name of fund or stock:

15. **Non-publicly traded stock and interests in incorporated and unincorporated businesses, including any interest in an LLC, partnership, or joint venture**
Name of entity:

| | | |
|---|---|---|
| 15.1 DANIMER SCIENTIFIC KENTUCKY, INC. (OWNERSHIP 100%) | | UNDETERMINED |
| 15.2 DANIMER SCIENTIFIC, L.L.C. (OWNERSHIP 100%) | | UNDETERMINED |
| 15.3 MEREDIAN, INC. (OWNERSHIP 100%) | | UNDETERMINED |
| 15.4 NOVOMER, INC. (OWNERSHIP 100%) | | UNDETERMINED |

16. **Government bonds, corporate bonds, and other negotiable and non-negotiable instruments not included in Part 1**
Describe:

17. **Total of Part 4.**
Add lines 14 through 16. Copy the total to line 83.

UNDETERMINED

# Schedule A/B: Assets - Real and Personal Property

**Part 5:**  **Inventory, excluding agriculture assets - detail**

18. **Does the debtor own any inventory (excluding agriculture assets)?**
    - ☑ No. Go to Part 6.
    - ☐ Yes. Fill in the information below.

| General Description | Date of the last physical inventory | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|---|

19. **Raw materials**

20. **Work in progress**

21. **Finished goods, including goods held for resale**

22. **Other Inventory or supplies**

23. **Total of Part 5.**
    Add lines 19 through 22. Copy the total to line 84.

24. **Is any of the property listed in Part 5 perishable?**
    - ☐ No.
    - ☐ Yes.

25. **Has any of the property listed in Part 5 been purchased within 20 days before the bankruptcy was filed?**
    - ☐ No.
    - ☐ Yes.

26. **Has any of the property listed in Part 5 been appraised by a professional within the last year?**
    - ☐ No.
    - ☐ Yes.

# Schedule A/B: Assets - Real and Personal Property

**Part 6:**     Farming and fishing-related assets (other than titled motor vehicles and land)

27. **Does the debtor own or lease any farming and fishing-related assets (other than titled motor vehicles and land)?**

    ☑ No. Go to Part 7.
    ☐ Yes. Fill in the information below.

| General Description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| 28. **Crops-either planted or harvested** | | | |
| 29. **Farm animals** | | | |
| 30. **Farm machinery and equipment** | | | |
| 31. **Farm and fishing supplies, chemicals, and feed** | | | |
| 32. **Other farming and fishing-related property not already listed in Part 6** | | | |

33. **Total of Part 6.**

    Add lines 28 through 32. Copy the total to line 84.

34. **Is the debtor a member of an agricultural cooperative?**

    ☐ No.
    ☐ Yes.

35. **Has any of the property listed in Part 6 been purchased within 20 days before the bankruptcy was filed?**

    ☐ No.
    ☐ Yes.

36. **Is a depreciation schedule available for any of the property listed in Part 6?**

    ☐ No.
    ☐ Yes.

37. **Has any of the property listed in Part 6 been appraised by a professional within the last year?**

    ☐ No.
    ☐ Yes.

## Schedule A/B: Assets - Real and Personal Property

**Part 7:**     Office furniture, fixtures, and equipment; and collectibles - detail

38. **Does the debtor own or lease any office furniture, fixtures, equipment, or collectibles?**

☐ No. Go to Part 8.
☑ Yes. Fill in the information below.

| General Description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| 39. **Office furniture** | | | |
| 39.1 FURNITURE & FIXTURES - 2ND FLOOR OFFICE FURNITURE - P | $2,260.92 | NBV | $2,260.92 |
| 39.2 FURNITURE & FIXTURES - 3RD FLOOR DESK FOR PERRY BUILD | $1,533.31 | NBV | $1,533.31 |
| 39.3 FURNITURE & FIXTURES - 3RD FLOOR DESKS FOR PERRY BUIL | $2,868.66 | NBV | $2,868.66 |
| 39.4 FURNITURE & FIXTURES - 5 DESKS FOR PERRY BUILDING 1 O | $270.12 | NBV | $270.12 |
| 39.5 FURNITURE & FIXTURES - 5 DESKS FOR PERRY BUILDING 2 O | $270.12 | NBV | $270.12 |
| 39.6 FURNITURE & FIXTURES - 5 DESKS FOR PERRY BUILDING 3 O | $270.12 | NBV | $270.12 |
| 39.7 FURNITURE & FIXTURES - 5 DESKS FOR PERRY BUILDING 4 O | $270.12 | NBV | $270.12 |
| 39.8 FURNITURE & FIXTURES - 5 DESKS FOR PERRY BUILDING 5 O | $270.12 | NBV | $270.12 |
| 39.9 FURNITURE & FIXTURES - BLACK ENZO LOVE SEAT | $69.67 | NBV | $69.67 |
| 39.10 FURNITURE & FIXTURES - COASTER OFFICE CHAIRS | $8.38 | NBV | $8.38 |
| 39.11 FURNITURE & FIXTURES - CORPORATE SIGNAGE | $478.21 | NBV | $478.21 |
| 39.12 FURNITURE & FIXTURES - FILING CABINET - SHERRY | $420.04 | NBV | $420.04 |
| 39.13 FURNITURE & FIXTURES - FORTRESS CHAIR | $22.71 | NBV | $22.71 |
| 39.14 FURNITURE & FIXTURES - FORTRESS LOVE SEAT | $34.83 | NBV | $34.83 |
| 39.15 FURNITURE & FIXTURES - LAMINATED DISPLAY BOXES | $51.50 | NBV | $51.50 |
| 39.16 FURNITURE & FIXTURES - OFFICE CHAIRS FOR PERRY BUILDI | $195.39 | NBV | $195.39 |
| 39.17 FURNITURE & FIXTURES - PANELS, BANNERS, & ART | $192.90 | NBV | $192.90 |
| 39.18 FURNITURE & FIXTURES - SKYLINE TRADE BOOTH | $942.72 | NBV | $942.72 |
| 39.19 FURNITURE & FIXTURES - TABLES | $8.32 | NBV | $8.32 |
| 39.20 FURNITURE & FIXTURES - TRADE SHOW BOOTH | $363.24 | NBV | $363.24 |

## Schedule A/B: Assets - Real and Personal Property

**Part 7:**    Office furniture, fixtures, and equipment; and collectibles - detail

| General Description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| 39.21 FURNITURE & FIXTURES - VIZIO E60 C3 60 LED SMART TV | $42.66 | NBV | $42.66 |
| 39.22 FURNITURE & FIXTURES - ZUO DIRECTOR CHAIRS | $46.96 | NBV | $46.96 |

40. **Office fixtures**

41. **Office equipment, including all computer equipment and communication systems equipment and software**

| | | | |
|---|---|---|---|
| 41.1 COMPUTER EQUIPMENT - 13" MACBOOK PRO | $930.57 | NBV | $930.57 |
| 41.2 COMPUTER EQUIPMENT - 2 MAC MINIS & LACIE 2BIG T-BOL | $82.70 | NBV | $82.70 |
| 41.3 COMPUTER EQUIPMENT - APPLE MACBOOK | $1,579.06 | NBV | $1,579.06 |
| 41.4 COMPUTER EQUIPMENT - APPLE MACBOOK 12.0 SILVER | $42.71 | NBV | $42.71 |
| 41.5 COMPUTER EQUIPMENT - APPLE MACBOOK AIR 13.3" LAPTOP | $21.44 | NBV | $21.44 |
| 41.6 COMPUTER EQUIPMENT - APPLE MACBOOK PRO MLVP2LL/A 13 | $433.16 | NBV | $433.16 |
| 41.7 COMPUTER EQUIPMENT - APPLE THUNDERBOLT DISPLAY | $25.24 | NBV | $25.24 |
| 41.8 COMPUTER EQUIPMENT - HP BUSINESS DESKTOP 280 | $176.56 | NBV | $176.56 |
| 41.9 COMPUTER EQUIPMENT - HP BUSINESS DESKTOP 280 G2 | $144.26 | NBV | $144.26 |
| 41.10 COMPUTER EQUIPMENT - HP DESKTOP | $355.90 | NBV | $355.90 |
| 41.11 COMPUTER EQUIPMENT - HP ELITEBOOK FOLIO 1040 G2 14" | $131.46 | NBV | $131.46 |
| 41.12 COMPUTER EQUIPMENT - HP ELITEONE 800 G3 | $290.63 | NBV | $290.63 |
| 41.13 COMPUTER EQUIPMENT - HP ENVY 7640 ALL-IN ONE PRINTE | $3.94 | NBV | $3.94 |
| 41.14 COMPUTER EQUIPMENT - HP PROBOOK | $814.00 | NBV | $814.00 |
| 41.15 COMPUTER EQUIPMENT - HP PROBOOK 15.6 #3 | $256.39 | NBV | $256.39 |
| 41.16 COMPUTER EQUIPMENT - HP PROBOOK 430 | $293.20 | NBV | $293.20 |
| 41.17 COMPUTER EQUIPMENT - HP PROBOOK 430 5G 13.3" | $253.57 | NBV | $253.57 |
| 41.18 COMPUTER EQUIPMENT - HP PROBOOK 430 G4 13.3" | $524.78 | NBV | $524.78 |
| 41.19 COMPUTER EQUIPMENT - HP PROBOOK 430 G4 NOTEBOOK | $223.78 | NBV | $223.78 |
| 41.20 COMPUTER EQUIPMENT - HP PROBOOK 450 | $1,858.47 | NBV | $1,858.47 |
| 41.21 COMPUTER EQUIPMENT - HP PROBOOK 450 #6 | $280.43 | NBV | $280.43 |
| 41.22 COMPUTER EQUIPMENT - HP PROBOOK 450 G2 15.6" | $144.58 | NBV | $144.58 |

## Schedule A/B: Assets - Real and Personal Property

**Part 7:**   Office furniture, fixtures, and equipment; and collectibles - detail

| General Description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| 41.23 COMPUTER EQUIPMENT - HP PROBOOK 450 G4 15.6" | $456.66 | NBV | $456.66 |
| 41.24 COMPUTER EQUIPMENT - HP PROBOOK 450 G5 | $336.55 | NBV | $336.55 |
| 41.25 COMPUTER EQUIPMENT - HP PROBOOK 450 G5 #10 | $264.40 | NBV | $264.40 |
| 41.26 COMPUTER EQUIPMENT - HP PROBOOK 450 G5 15.6" | $1,289.96 | NBV | $1,289.96 |
| 41.27 COMPUTER EQUIPMENT - HP PROBOOK 450 KY EMP 1 | $655.54 | NBV | $655.54 |
| 41.28 COMPUTER EQUIPMENT - HP PROBOOK 450-C COOK | $430.79 | NBV | $430.79 |
| 41.29 COMPUTER EQUIPMENT - HP PROBOOK KY EM 2 | $692.80 | NBV | $692.80 |
| 41.30 COMPUTER EQUIPMENT - HP PROBOOK KY EM 3 | $692.80 | NBV | $692.80 |
| 41.31 COMPUTER EQUIPMENT - HP PROBOOK KY EMP 2 | $655.53 | NBV | $655.53 |
| 41.32 COMPUTER EQUIPMENT - HP ZBOOK | $660.47 | NBV | $660.47 |
| 41.33 COMPUTER EQUIPMENT - HP ZBOOK 15 G4 | $1,385.20 | NBV | $1,385.20 |
| 41.34 COMPUTER EQUIPMENT - HP ZBOOK-G LYONS | $728.20 | NBV | $728.20 |
| 41.35 COMPUTER EQUIPMENT - IPAD MINI 2 16GB SILVER | $8.19 | NBV | $8.19 |
| 41.36 COMPUTER EQUIPMENT - LACIE 48TB THUNDERBOLT 2 | $243.39 | NBV | $243.39 |
| 41.37 COMPUTER EQUIPMENT - LAPTOP | $4,152.58 | NBV | $4,152.58 |
| 41.38 COMPUTER EQUIPMENT - LENOVO THINKC M80S DESKTOPS-5 | $9,891.90 | NBV | $9,891.90 |
| 41.39 COMPUTER EQUIPMENT - LENOVO THINKPAD ACCESSORIES | $254.86 | NBV | $254.86 |
| 41.40 COMPUTER EQUIPMENT - LENOVO THINKPAD MOBILE WORKSTA | $384.47 | NBV | $384.47 |
| 41.41 COMPUTER EQUIPMENT - LENOVO THINKPAD MOBILE WORKSTN | $461.47 | NBV | $461.47 |
| 41.42 COMPUTER EQUIPMENT - LENOVO THINKPAD THUNDERB DOCK | $158.36 | NBV | $158.36 |
| 41.43 COMPUTER EQUIPMENT - LENOVO THINKPAD X1 EXTREME | $583.16 | NBV | $583.16 |
| 41.44 COMPUTER EQUIPMENT - LENOVO THINKPAD,MONITOR & DOCK | $445.20 | NBV | $445.20 |
| 41.45 COMPUTER EQUIPMENT - LENOVO THINKPAD/DOCKING STATIO | $8,121.26 | NBV | $8,121.26 |
| 41.46 COMPUTER EQUIPMENT - LENOVOTHINKPAD DOCKING STATION | $4,646.25 | NBV | $4,646.25 |
| 41.47 COMPUTER EQUIPMENT - MACBOOK AIR | $187.00 | NBV | $187.00 |
| 41.48 COMPUTER EQUIPMENT - MACBOOK PRO | $3,676.71 | NBV | $3,676.71 |

# Schedule A/B: Assets - Real and Personal Property

**Part 7:**    Office furniture, fixtures, and equipment; and collectibles - detail

| General Description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| 41.49 COMPUTER EQUIPMENT - MACBOOK PRO /NOUSE/KEYBOARD - | $687.39 | NBV | $687.39 |
| 41.50 COMPUTER EQUIPMENT - MACBOOK PRO 13" | $904.72 | NBV | $904.72 |
| 41.51 COMPUTER EQUIPMENT - MACBOOK PRO 15.4 | $50.09 | NBV | $50.09 |
| 41.52 COMPUTER EQUIPMENT - MICROSOFT SURFACE BOOK | $891.40 | NBV | $891.40 |
| 41.53 COMPUTER EQUIPMENT - MICROSOFT SURFACE BOOK 2 | $1,017.72 | NBV | $1,017.72 |
| 41.54 COMPUTER EQUIPMENT - MSSURFACE BOOK DOCKING STATION | $2,380.88 | NBV | $2,380.88 |
| 41.55 COMPUTER EQUIPMENT - NETWORK IMPROVEMENTS PERRY BUI | $9,225.09 | NBV | $9,225.09 |
| 41.56 COMPUTER EQUIPMENT - PERRY BUILDING BACK-UP INTERNET EQUIPMENT | $8,999.38 | NBV | $8,999.38 |
| 41.57 COMPUTER EQUIPMENT - PRINTERS FOR SHERRY COPELAND | $71.45 | NBV | $71.45 |
| 41.58 COMPUTER EQUIPMENT - ROLLING/MOBILE TV CART W/WHEEL | $852.71 | NBV | $852.71 |
| 41.59 COMPUTER EQUIPMENT - SAMSUNG 32" | $53.39 | NBV | $53.39 |
| 41.60 COMPUTER EQUIPMENT - SONICWALL NETW. SECURITY APPLI | $693.57 | NBV | $693.57 |
| 41.61 COMPUTER EQUIPMENT - THUNDERBOLT DISPLAY 3 PORT | $112.37 | NBV | $112.37 |
| 41.62 COMPUTER EQUIPMENT - XEROX VERSALINK PRINTER | $244.41 | NBV | $244.41 |
| 41.63 COMPUTER SOFTWARE - D365 FINANCIAL CONSOLIDATION MODULE | $2,333.36 | NBV | $2,333.36 |
| 41.64 COMPUTER SOFTWARE - D365 PROCESS IMPROVEMENTS - CENTRALIZED PAYMENTS | $6,487.75 | NBV | $6,487.75 |
| 41.65 COMPUTER SOFTWARE - DATE LOSS PREVENTION SOFTWARE | $209,889.59 | NBV | $209,889.59 |
| 41.66 COMPUTER SOFTWARE - ERP OPTIMIZATION | $1,144,838.82 | NBV | $1,144,838.82 |
| 41.67 COMPUTER SOFTWARE - ERP OPTIMIZATION PHASE 2 | $4,106.61 | NBV | $4,106.61 |
| 41.68 COMPUTER SOFTWARE - ERP SYSTEM | $882,809.37 | NBV | $882,809.37 |
| 41.69 COMPUTER SOFTWARE - FASTPATH SOFTWARE/DYNAMICS SECURITY ROLES | $22,916.68 | NBV | $22,916.68 |
| 41.70 COMPUTER SOFTWARE - SECURITY AND CONTROLS PHASE 1 | $647,294.46 | NBV | $647,294.46 |
| 41.71 COMPUTER SOFTWARE - SECURITY AND CONTROLS PHASE 2 | $225,459.47 | NBV | $225,459.47 |
| 41.72 OFFICE EQUIPMENT - 2 SAMSUNG LED TELEVISIONS | $6.25 | NBV | $6.25 |

# Schedule A/B: Assets - Real and Personal Property

| Part 7: | Office furniture, fixtures, and equipment; and collectibles - detail |
|---|---|

| General Description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| 41.73 OFFICE EQUIPMENT - COLOR PRINTER | $164.12 | NBV | $164.12 |
| 41.74 OFFICE EQUIPMENT - HP BUS. V241P 23.6" LED MONITO | $62.45 | NBV | $62.45 |
| 41.75 OFFICE EQUIPMENT - HP LASERJET PRINTER-MAN CAVE | $136.48 | NBV | $136.48 |
| 41.76 OFFICE EQUIPMENT - HP LJ PRINTER | $60.93 | NBV | $60.93 |
| 41.77 OFFICE EQUIPMENT - HP PRINTER PRO MFP 577DW | $164.21 | NBV | $164.21 |
| 41.78 OFFICE EQUIPMENT - HP PROBOOK 450 G2 15.6" NOTEBO | $115.65 | NBV | $115.65 |
| 41.79 OFFICE EQUIPMENT - PRINTER - VERSALINK C405 | $367.83 | NBV | $367.83 |
| 41.80 OFFICE EQUIPMENT - PRINTER, HP, LJ (MANDY) | $78.04 | NBV | $78.04 |
| 41.81 OFFICE EQUIPMENT - REFRIGERATOR - CONFERENCE ROOM | $444.52 | NBV | $444.52 |
| 41.82 OFFICE EQUIPMENT - SAMSUNG 32" CURVED MONITOR-MAN | $129.72 | NBV | $129.72 |
| 41.83 OFFICE EQUIPMENT - VERIZON WIRELESS EQMT. - NOV22 | $1,051.14 | NBV | $1,051.14 |
| 41.84 OFFICE EQUIPMENT - VERIZON WIRELESS EQMT. - OCT22 | $975.61 | NBV | $975.61 |

42. **Collectibles**

43. **Total of Part 7.**
    Add lines 39 through 42. Copy the total to line 84.     **$3,237,299.18**

44. **Is a depreciation schedule available for any of the property listed in Part 7?**
    ☐ No.
    ☑ Yes.

45. **Has any of the property listed in Part 7 been appraised by a professional within the last year?**
    ☐ No.
    ☑ Yes.

# Schedule A/B: Assets - Real and Personal Property

| Part 8: | Machinery, equipment, and vehicles |
|---------|-------------------------------------|

46. **Does the debtor own or lease any machinery, equipment, or vehicles?**

☐ No. Go to Part 9.
☑ Yes. Fill in the information below.

| General Description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---------------------|-------------------------------------------------------|------------------------------------------|-------------------------------------|
| 47. **Automobiles, vans, trucks, motorcycles, trailers, and titled farm vehicles** | | | |
| 47.1 AUTOMOBILES & TRUCKS - 2011 CHEVROLET SURBURBAN | $4,335.95 | NBV | $4,335.95 |
| 47.2 AUTOMOBILES & TRUCKS - 2011 CHEVY SUBURBAN | $5,642.75 | NBV | $5,642.75 |
| 48. **Watercraft, trailers, motors, and related accessories** | | | |
| 49. **Aircraft and accessories** | | | |
| 50. **Other machinery, fixtures, and equipment (excluding farm machinery and equipment)** | | | |
| 50.1 EQUIPMENT LEASES - GREAT AMERICA LEASING CORPORATION - 1 XEROX ALTALINK C8145 W/ OFFICE FINISHER & HOLE PUNCH; 1 XEROX ALTALINK C8145 | UNDETERMINED | | UNDETERMINED |
| 50.2 MACHINERY & EQUIPMENT | $367.10 | NBV | $367.10 |
| 50.3 MACHINERY & EQUIPMENT - 20 HP AC DRIVE MONITORING UNIT | $3,373.43 | NBV | $3,373.43 |
| 50.4 MACHINERY & EQUIPMENT - EXTRUDER FEED SYSTEM | $83,142.42 | NBV | $83,142.42 |
| 50.5 MACHINERY & EQUIPMENT - GYM EQUIPMENT | $2,330.06 | NBV | $2,330.06 |

51. **Total of Part 8.**
Add lines 47 through 50. Copy the total to line 84.

| **$99,191.71** + UNDETERMINED |
|-------------------------------|

52. **Is a depreciation schedule available for any of the property listed in Part 8?**

☐ No.
☑ Yes.

53. **Has any of the property listed in Part 8 been appraised by a professional within the last year?**

☐ No.
☑ Yes.

## Schedule A/B: Assets - Real and Personal Property

**Part 9:**     **Real property - detail**

54. **Does the debtor own or lease any real property?**

☐ No. Go to Part 9.
☑ Yes. Fill in the information below.

| Description and location of property | Nature and extent of debtor's interest in property | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|---|

55. **Any building, other improved real estate, or land which the debtor owns or in which the debtor has an interest**

| Description and location of property | Nature and extent | Net book value | Valuation method | Current value |
|---|---|---|---|---|
| 55.1 LEASEHOLD IMPROVEMENTS - 3RD FLOOR IMPROVEMENTS - PERRY | LEASED | $2,606.56 | NBV | $2,606.56 |
| 55.2 LEASEHOLD IMPROVEMENTS - NETWORK INFRASTRUCTURE - PERRY | LEASED | $332.92 | NBV | $332.92 |
| 55.3 LEASEHOLD IMPROVEMENTS - PERRY BUILDING BREAK ROOM | LEASED | $4,951.35 | NBV | $4,951.35 |
| 55.4 LEASEHOLD IMPROVEMENTS - ADDITIONS TO JAD'S OFFICE | LEASED | $2,329.09 | NBV | $2,329.09 |
| 55.5 LEASEHOLD IMPROVEMENTS - FIRE ALARM SYSTEM | LEASED | $2,362.50 | NBV | $2,362.50 |
| 55.6 LEASEHOLD IMPROVEMENTS - DOOR BELL FOR PERRY BUILDING | LEASED | $4,194.60 | NBV | $4,194.60 |
| 55.7 CONSTRUCTION IN PROGRESS | OWNED | $515,533.70 | NBV | UNDETERMINED |
| 55.8 LEASE AGREEMENT - EDWIN J. PERRY, III - 116 S. BROAD STREET, BAINBRIDGE, GA | LEASED | UNDETERMINED | | UNDETERMINED |

56. **Total of Part 9.**
Add the current value on all Question 55 lines and entries from any additional sheets. Copy the total to line 88.

**$16,777.02**
+ UNDETERMINED

57. **Is a depreciation schedule available for any of the property listed in Part 9?**

☐ No.
☑ Yes.

58. **Has any of the property listed in Part 9 been appraised by a professional within the last year?**

☐ No.
☑ Yes.

# Schedule A/B: Assets - Real and Personal Property

**Part 10:**   Intangibles and intellectual property - detail

59. **Does the debtor have any interests in intangibles or intellectual property?**

☐ No. Go to Part 11.
☑ Yes. Fill in the information below.

| General Description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| 60. **Patents, copyrights, trademarks, and trade secrets** | | | |
| 61. **Internet domain names and websites** | | | |
| 62. **Licenses, franchises, and royalties** | | | |
| 63. **Customer lists, mailing lists, or other compilations** | | | |
| 64. **Other intangibles, or intellectual property** | | | |
| 64.1 TRADEMARKS - AVIO TRADE MARK REGISTRATION: WO (REGISTRATION NO. 1618694) | UNDETERMINED | | UNDETERMINED |
| 64.2 TRADEMARKS - AVIO TRADE MARK REGISTRATION: EM (REGISTRATION NO. 1618694) | UNDETERMINED | | UNDETERMINED |
| 64.3 TRADEMARKS - AVIO TRADE MARK REGISTRATION: CN (REGISTRATION NO. 1618694) | UNDETERMINED | | UNDETERMINED |
| 64.4 TRADEMARKS - AVIO TRADE MARK REGISTRATION: GB (REGISTRATION NO. 1618694) | UNDETERMINED | | UNDETERMINED |
| 64.5 TRADEMARKS - NODAX TRADE MARK REGISTRATION: BR (REGISTRATION NO. 927140926) | UNDETERMINED | | UNDETERMINED |
| 65. **Goodwill** | | | |

66. **Total of Part 10.**
Add lines 60 through 65. Copy the total to line 89.

| UNDETERMINED |
|---|

67. **Do your lists or records include personally identifiable information of customers (as defined in 11 U.S.C. §§ 101(41A) and 107)?**

☑ No.
☐ Yes.

68. **Is there an amortization or other similar schedule available for any of the property listed in Part 10?**

☑ No.
☐ Yes.

69. **Has any of the property listed in Part 10 been appraised by a professional within the last year?**

☑ No.

## Schedule A/B: Assets - Real and Personal Property

| Part 10: | Intangibles and intellectual property - detail |
| --- | --- |

| General Description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
| --- | --- | --- | --- |

☐ Yes.

# Schedule A/B: Assets - Real and Personal Property

**Part 11:** **All other assets**

70. **Does the debtor own any other assets that have not yet been reported on this form? Include all interests in executory contracts and unexpired leases not previously reported on this form.**

☐ No. Go to Part 12.
☑ Yes. Fill in the information below.

| General Description | Current value of debtor's interest |
|---|---|
| 71. **Notes receivable** | |
| 71.1 NMTC PROMISSORY NOTES | $7,146,667.21 |

72. **Tax refunds and unused net operating losses (NOLs)**

73. **Interests in insurance policies or annuities**

74. **Causes of action against third parties (whether or not a lawsuit has been filed)**

75. **Other contingent and unliquidated claims or causes of action of every nature, including counterclaims of the debtor and rights to set off claims**

76. **Trusts, equitable or future interests in property**

77. **Other property of any kind not already listed Examples: Season tickets, country club membership**

78. **Total of Part 11.**
Add lines 71 through 77. Copy the total to line 90.

$7,146,667.21

79. **Has any of the property listed in Part 11 been appraised by a professional within the last year?**

☑ No.
☐ Yes.

# Schedule A/B: Assets - Real and Personal Property

**Part 12:**    Summary

| Type of property | Current value of personal property | Current value of real property | Total of all property |
|---|---|---|---|
| 80. Cash, cash equivalents, and financial assets. Copy line 5, Part 1. | $93,657.84 | | |
| 81. Deposits and prepayments. Copy line 9, Part 2. | $1,031,814.71 | | |
| 82. Accounts receivable. Copy line 12, Part 3. | $0.00 | | |
| 83. Investments. Copy line 17, Part 4. | **UNDETERMINED** | | |
| 84. Inventory. Copy line 23, Part 5. | $0.00 | | |
| 85. Farming and fishing-related assets. Copy line 33, Part 6. | $0.00 | | |
| 86. Office furniture, fixtures, and equipment; and collectibles. Copy line 43, Part 7. | $3,237,299.18 | | |
| 87. Machinery, equipment, and vehicles. Copy line 51, Part 8. | $99,191.71 **+ UNDETERMINED** | | |
| 88. Real property. Copy line 56, Part 9. | | $16,777.02 **+ UNDETERMINED** | |
| 89. Intangibles and intellectual property. Copy line 66, Part 10. | **UNDETERMINED** | | |
| 90. All other assets. Copy line 78, Part 11. | $7,146,667.21 | | |
| 91. Total. Add lines 80 through 90 for each column. | $11,608,630.65 **+ UNDETERMINED** | $16,777.02 **+ UNDETERMINED** | |

| | |
|---|---|
| 92. **Total of all property on Schedule A/B. Lines 91a + 91b = 92.** | **$11,625,407.67** **+ UNDETERMINED** |

| Fill in this information to identify the case and this filing: | |
|---|---|
| Debtor Name: | Danimer Scientific Holdings, LLC |
| United States Bankruptcy Court: | District of Delaware |
| Case Number (if known): | 25-10520 |

Form 206D

## Schedule D: Creditors Who Have Claims Secured by Property

**Be as complete and accurate as possible.**

| Part 1: | List Creditors Who Have Secured Claims |
|---|---|

1. **Do any creditors have claims secured by debtor's property?**

   ☐ No. Check this box and submit page 1 of this form to the court with debtor's other schedules. Debtor has nothing else to report on this form.
   ☑ Yes. Fill in the information below.

2. **List in alphabetical order all creditors who have secured claims. If a creditor has more than one secured claim, list the creditor separately for each claim.**

| Creditor's Name and Mailing Address, E-mail Address & An Account Number | Co-Interest | Insider | Co-Debtor | Date Claim was Incurred, Property Description, Lien & Co-Interest Creditor | C - U - D | Amount of Claim | Value of Collateral |
|---|---|---|---|---|---|---|---|
| **IP Term Loan** | | | | | | | |
| 2.1 U.S. BANK TRUST COMPANY, NATIONAL ASSOCIATION AS TRUSTEE 425 WALNUT STREET CINCINNATI, OH 45202 USA | ☐ | ☐ | ☑ | FINANCING AGREEMENT, DATED AS OF MARCH 17, 2023, $130 MILLION | ☑ ☑ ☐ | $124,541,770.69 | UNDETERMINED |
| | | | | **IP Term Loan Total:** | | **$124,541,770.69** | **UNDETERMINED** |
| **Super Senior Bridge Note** | | | | | | | |
| 2.2 BPI CREDIT 6, LLC 10 ST JAMES AVE | ☑ | ☐ | ☑ | SUPER SENIOR SECURED UNINSURED PROMISSORY NOTE, DATED AS OF DECEMBER | ☑ ☑ ☐ | $6,603,777.23 | UNDETERMINED |

# Schedule D: Creditors Who Have Claims Secured by Property

**Part 1:** List Creditors Who Have Secured Claims

| Creditor's Name and Mailing Address, E-mail Address & An Account Number | Co-Interest | Insider | Co-Debtor | Date Claim was Incurred, Property Description, Lien & Co-Interest Creditor | C - U - D | Amount of Claim | Value of Collateral |
|---|---|---|---|---|---|---|---|
| #1700 BOSTON, MA 2116 USA | | | | 17, 2024, $4.875 MILLION CO-INTEREST: JEFFERIES CAPITAL SERVICES, LLC & RIVA RIDGE MASTER FUND, LTD.; ALL PARI-PASSU | | | |
| 2.3 JEFFERIES CAPITAL SERVICES, LLC 520 MADISON AVE NEW YORK, NY 10022 USA | ☑ | ☐ | ☑ | SUPER SENIOR SECURED UNINSURED PROMISSORY NOTE, DATED AS OF DECEMBER 17, 2024, $3 MILLION CO-INTEREST: BPI CREDIT 6, LLC & RIVA RIDGE MASTER FUND, LTD.; ALL PARI-PASSU | ☑ ☑ ☐ | $4,063,862.91 | UNDETERMINED |
| 2.4 RIVA RIDGE MASTER FUND, LTD. 55 5TH AVE #1808 NEW YORK, NY 10003 USA | ☑ | ☐ | ☑ | SUPER SENIOR SECURED UNINSURED PROMISSORY NOTE, DATED AS OF DECEMBER 17, 2024, $3.375 MILLION CO-INTEREST: BPI CREDIT 6, LLC & JEFFERIES CAPITAL SERVICES, LLC; ALL PARI-PASSU | ☑ ☑ ☐ | $4,571,845.78 | UNDETERMINED |

Super Senior Bridge Note Total: **$15,239,485.92**  **UNDETERMINED**

3. **Total of the dollar amounts from Part 1, Column A, including the amounts from the Additional Page, if any.**  **$139,781,256.61**

# Schedule D: Creditors Who Have Claims Secured by Property

**Part 2:** List Others to Be Notified for a Debt Already Listed in Part 1

4. **List in alphabetical order any others who must be notified for a debt already listed in Part 1. Examples of entities that may be listed are collection agencies, assignees of claims listed above, and attorneys for secured creditors**

| Name and Mailing Address | Part 1 Line on which the Related Creditor was Listed | Last 4 Digits of Account Number for this Entity |
|---|---|---|

**IP Term Loan**

4.1 AON INSURER
6 FRONT STREET
HAMILTON, HM 11
BERMUDA

4.2 ASPEN BERMUDA LIMITED
ZAC.CLAMMER@ASPEN-INSURANCE.COM

4.3 BPI CREDIT 6, L.L.C.
10 SAINT JAMES AVE
STE 1700
BOSTON, MA 2116
USA

4.4 EVEREST REINSURANCE (BERMUDA), LTD.
KYLE.ADAMS@EVERESTREBERMUDA.BM

4.5 IP LENDING IX, LTD.
C/O WALKERS CORPORATE (BERMUDA) LIMITED
PARK PLACE
55 PAR-LA-VILLE ROAD
HAMILTON, HM11
BMU

4.6 JEFFERIES FUNDING LLC
520 MADISON AVE
NEW YORK, NY 10022
USA

4.7 LIBERTY SPECIALTY MARKETS BERMUDA LIMITED
BERMUDACLAIMS@LIBERTYGLOBALGROUP.COM

4.8 LIBERTY SPECIALTY MARKETS BERMUDA LIMITED
JOANNA.DIN@LIBERTYGLOBALGROUP.COM

4.9 LIBERTY SPECIALTY MARKETS BERMUDA LIMITED
NICHOLAS.GARSIDE@LIBERTYGLOBALGROUP.COM

4.10 MARKEL BERMUDA LIMITED
CHRIS.JANSMA@MARKEL.COM

4.11 MARKEL BERMUDA LIMITED
PLBERMUDACLAIMS@MARKEL.COM

4.12 MARKEL BERMUDA LIMITED
MICHAEL.OFFEREINS@MARKEL.COM

4.13 MOODY'S INVESTOR SERVICE, INC.
7 WORLD TRADE CENTER
250 GREENWICH STREET

# Schedule D: Creditors Who Have Claims Secured by Property

| Part 2: | List Others to Be Notified for a Debt Already Listed in Part 1 |
|---|---|

| Name and Mailing Address | Part 1 Line on which the Related Creditor was Listed | Last 4 Digits of Account Number for this Entity |
|---|---|---|
| NEW YORK, NY 10007<br>USA | | |
| 4.14 NIXON PEABODY LLP<br>53 STATE STREET<br>BOSTON, MA 2110<br>USA | | |
| 4.15 SHELF OPCO BERMUDA LIMITED<br>SIMON.CRONE@FIDELISINSURANCE.COM | | |

| **Fill in this information to identify the case and this filing:** |  |
|---|---|
| Debtor Name: | Danimer Scientific Holdings, LLC |
| United States Bankruptcy Court: | District of Delaware |
| Case Number (if known): | 25-10520 |

Form 206E/F

# Schedule E/F: Creditors Who Have Unsecured Claims

Be as complete and accurate as possible. Use Part 1 for creditors with PRIORITY unsecured claims and Part 2 for creditors with NONPRIORITY unsecured claims. List the other party to any executory contracts or unexpired leases that could result in a claim. Also list executory contracts on Schedule A/B: Assets - Real and Personal Property (Official Form 206A/B) and on Schedule G: Executory Contracts and Unexpired Leases (Official Form 206G). Number the entries in Parts 1 and 2 in the boxes on the left. If more space is needed for Part 1 or Part 2, fill out and attach the Additional Page of that Part included in this form.

**Part 1:**   List All Creditors with PRIORITY Unsecured Claims

1. **Do any creditors have priority unsecured claims? (See 11 U.S.C. § 507).**

  ☐ No. Go to Part 2.
  ☑ Yes. Go to line 2.

2. **List in alphabetical order all creditors who have unsecured claims that are entitled to priority in whole or in part. If the debtor has more than 3 creditors with priority unsecured claims, fill out and attach the Additional Page of Part 1.**

| Creditor's Name, Mailing Address Including Zip Code | Date Claim Was Incurred And Account Number | C - U - D | Offset | Total Claim | Priority Amount |
|---|---|---|---|---|---|
| **Taxes** | | | | | |
| 2.1 CITY OF BAINBRIDGE<br>P O BOX 946<br>BAINBRIDGE, GA 39818<br>USA | | ☑ ☑ ☑ | ☐ | UNDETERMINED | UNDETERMINED |
| 2.2 CLARK COUNTY SHERIFF'S DEPT<br>P O BOX 1768<br>ATHENS, GA 30603<br>USA | | ☑ ☑ ☑ | ☐ | UNDETERMINED | UNDETERMINED |
| 2.3 DECATUR COUNTY TAX<br>COMMISSIONER<br>P O BOX 246<br>BAINBRIDGE, GA 39818<br>USA | | ☑ ☑ ☑ | ☐ | UNDETERMINED | UNDETERMINED |
| 2.4 GEORGIA DEPARTMENT OF REVENUE<br>P O BOX 105136<br>ATLANTA, GA 30348<br>USA | | ☑ ☑ ☑ | ☐ | UNDETERMINED | UNDETERMINED |
| 2.5 INDIANA DEPARTMENT OF REVENUE<br>PO BOX 6032<br>INDIANAPOLIS, IN 46206<br>USA | | ☑ ☑ ☑ | ☐ | UNDETERMINED | UNDETERMINED |
| 2.6 PENNSYLVANIA DEPARTMENT OF<br>REVENUE<br>1846 BROOKWOOD ST<br>HARRISBURG, PA 17104 | | ☑ ☑ ☑ | ☐ | UNDETERMINED | UNDETERMINED |

## Schedule E/F: Creditors Who Have Unsecured Claims

| **Part 1:** | **List All Creditors with PRIORITY Unsecured Claims** |
| --- | --- |

| Creditor's Name, Mailing Address Including Zip Code | Date Claim Was Incurred And Account Number | C - U - D | Offset | Total Claim | Priority Amount |
| --- | --- | --- | --- | --- | --- |
| USA | | | | | |
| 2.7 STATE OF DELAWARE<br>P O BOX 5509<br>BINGHAMTON, NY 13902-5509<br>USA | | ☑ ☑ ☑ | ☐ | UNDETERMINED | UNDETERMINED |
| 2.8 STATE OF WISCONSIN - DEPT. OF WORKFORCE DEV.<br>P O BOX 3025<br>MILWAUKEE, WI 53201-3028<br>USA | | ☑ ☑ ☑ | ☐ | UNDETERMINED | UNDETERMINED |
| | | | Taxes Total: | UNDETERMINED | UNDETERMINED |

2.  **Total: All Creditors with PRIORITY Unsecured Claims**    UNDETERMINED    UNDETERMINED

# Schedule E/F: Creditors Who Have Unsecured Claims

| Part 2: | List All Creditors with NONPRIORITY Unsecured Claims |
|---------|------------------------------------------------------|

3.  List in alphabetical order all of the creditors with nonpriority unsecured claims. If the debtor has more than 6 creditors with nonpriority unsecured claims, fill out and attach the **Additional Page of Part 2.**

| Creditor's Name, Mailing Address Including Zip Code | Date Claim Was Incurred And Account Number | C - U - D | Basis for Claim | Offset | Amount of Claim |
|---|---|---|---|---|---|
| **Equipment Leases** | | | | | |
| 3.1 GREAT AMERICA LEASING CORPORATION<br>PO BOX 660831<br>DALLAS, TX 75266-0831<br>USA | | ☐ ☑ ☐ | EQUIPMENT LEASES | ☐ | $394.40 |
| | | | | Equipment Leases Total: | **$394.40** |
| **Insurance Premium Financing** | | | | | |
| 3.2 AFCO CREDIT CORP.<br>150 N. FIELD DRIVE<br>SUITE 190<br>LAKE FOREST, IL 60045<br>USA | | ☐ ☑ ☐ | MCGRIFF INSURANCE SERVICES | ☐ | $243,950.00 |
| | | | | Insurance Premium Financing Total: | **$243,950.00** |
| **Trade Debt** | | | | | |
| 3.3 ADOBE, INC<br>29322 NETWORK PLACE<br>CHICAGO, IL 60673-1293<br>USA | | ☐ ☐ ☐ | TRADE DEBT | ☐ | $13,702.68 |
| 3.4 AMAZON CAPITAL SERVICES<br>PO BOX 035184<br>SEATTLE, WA 98124-5184<br>USA | | ☐ ☐ ☐ | TRADE DEBT | ☐ | $93.62 |
| 3.5 AMERICAN BUSINESS CENTER<br>PO BOX 20128<br>PANAMA CITY BEACH, FL 32417<br>USA | | ☐ ☐ ☐ | TRADE DEBT | ☐ | $144.40 |
| 3.6 AMERICAN EXPRESS<br>PO BOX 650448<br>DALLAS, TX 75265-0448<br>USA | | ☐ ☑ ☐ | TRADE DEBT | ☐ | $10,362.88 |
| 3.7 AT&T<br>PO BOX 5019<br>CAROL STREAM, IL 60197-5019<br>USA | | ☐ ☐ ☐ | TRADE DEBT | ☐ | $15.27 |

## Schedule E/F: Creditors Who Have Unsecured Claims

**Part 2:**  List All Creditors with NONPRIORITY Unsecured Claims

| Creditor's Name, Mailing Address Including Zip Code | Date Claim Was Incurred And Account Number | C - U - D | Basis for Claim | Offset | Amount of Claim |
|---|---|---|---|---|---|
| 3.8 BLOUGH TECH, INC.<br>119 S BROAD ST<br>CAIRO, GA 39828<br>USA | | ☐ ☐ ☐ | TRADE DEBT | ☐ | $247.32 |
| 3.9 CBIZ INC<br>5959 ROCKSIDE WOODS BLVD N<br>STE 600<br>CLEVELAND, OH 44131<br>USA | | ☐ ☐ ☐ | TRADE DEBT | ☐ | $106,522.29 |
| 3.10 DELINEA INC.<br>221 MAIN ST.<br>STE 1300<br>SAN FRANCISCO, CA 94105<br>USA | | ☐ ☐ ☐ | TRADE DEBT | ☐ | $45,833.00 |
| 3.11 EDWIN J. PERRY, III<br>[REDACTED ADDRESS] | | ☐ ☐ ☐ | TRADE DEBT | ☐ | $127.15 |
| 3.12 FLOQAST, INC<br>14721 CALIFA ST.<br>SHERMAN OAKS, CA 91411<br>USA | | ☐ ☐ ☐ | TRADE DEBT | ☐ | $39,840.00 |
| 3.13 GEORGIA POWER<br>241 RALPH MCGILL BLVD<br>ATLANTA, GA 30396-0001<br>USA | | ☐ ☐ ☐ | TRADE DEBT | ☐ | $574.32 |
| 3.14 HAMPTON INN<br>1522 TALLAHASSEE HWY<br>BAINBRIDGE, GA 39819<br>USA | | ☐ ☐ ☐ | TRADE DEBT | ☐ | $363.81 |
| 3.15 HOYA OPTICAL LABS OF AMERICA, INC<br>755 REGENT BLVD<br>DALLAS, TX 75261<br>USA | | ☐ ☐ ☐ | TRADE DEBT | ☐ | $186.00 |
| 3.16 INSIGHTSOFTWARE, LLC<br>PO BOX 200386<br>PITTSBURGH, PA 15251-0386<br>USA | | ☐ ☐ ☐ | TRADE DEBT | ☐ | $11,174.90 |
| 3.17 INTERNATIONAL BUSINESS MACHINE CORPORATION<br>1 NEW ORCHARD ROAD<br>ARMONK, NY 10504-1722<br>USA | | ☐ ☐ ☐ | TRADE DEBT | ☐ | $16,163.47 |
| 3.18 KANE KESSLER, P.C.<br>600 THIRD AVE, 35TH FLOOR<br>NEW YORK, NY 10016-1901<br>USA | | ☐ ☐ ☐ | TRADE DEBT | ☐ | $271,605.62 |
| 3.19 KILPATRICK TOWNSEND<br>SUITE 2800 | | ☐ ☐ ☐ | TRADE DEBT | ☐ | $19,383.50 |

# Schedule E/F: Creditors Who Have Unsecured Claims

**Part 2:**   List All Creditors with NONPRIORITY Unsecured Claims

| Creditor's Name, Mailing Address Including Zip Code | Date Claim Was Incurred And Account Number | C - U - D | Basis for Claim | Offset | Amount of Claim |
|---|---|---|---|---|---|
| ATLANTA, GA 30309<br>USA | | | | | |
| 3.20 LIFE CYCLE ASSOCIATES<br>985 PORTOLA ROAD<br>PORTOLA VALLEY, CA 94028<br>USA | | ☐ ☐ ☐ | TRADE DEBT | ☐ | $7,084.00 |
| 3.21 LITMOS US, L.P.<br>PO BOX 735297<br>CHICAGO, IL 60673-5297<br>USA | | ☐ ☐ ☐ | TRADE DEBT | ☐ | $2,400.00 |
| 3.22 MICROSOFT CORP.<br>ONE MICROSOFT WAY<br>REDMOND, WA 98052<br>USA | | ☐ ☐ ☐ | TRADE DEBT | ☐ | $3,591.71 |
| 3.23 OFFICE DEPOT, INC.<br>PO BOX 1413<br>CHARLOTTE, NC 28201<br>USA | | ☐ ☐ ☐ | TRADE DEBT | ☐ | $109.68 |
| 3.24 PEPI FOOD SERVICES<br>165 TECHNOLOGY DRIVE<br>DOTHAN, AL 36303<br>USA | | ☐ ☐ ☐ | TRADE DEBT | ☐ | $159.68 |
| 3.25 PITNEY BOWES<br>PO BOX 981022<br>BOSTON, MA 2298<br>USA | | ☐ ☐ ☐ | TRADE DEBT | ☐ | $149.45 |
| 3.26 PITNEY BOWES GLOBAL<br>FINANCIAL SERVICES LLC<br>PO BOX 981022<br>BOSTON, MA 2298<br>USA | | ☐ ☐ ☐ | TRADE DEBT | ☐ | $247.12 |
| 3.27 RSM US LLP<br>151 WEST 42ND STREET, FLOORS 12-20<br>NEW YORK, NY 10036<br>USA | | ☐ ☐ ☐ | TRADE DEBT | ☐ | $37,187.74 |
| 3.28 SECURE RECORDS SOLUTIONS, LLC<br>PO BOX 1866<br>THOMASVILLE, GA 31799-0414<br>USA | | ☐ ☐ ☐ | TRADE DEBT | ☐ | $75.00 |
| 3.29 SIGNUP SOFTWARE INC.<br>3500 S. DUPONT HWY, STE. DN101<br>DOVER, DE 19901<br>USA | | ☐ ☐ ☐ | TRADE DEBT | ☐ | $100.00 |

# Schedule E/F: Creditors Who Have Unsecured Claims

| Part 2: | List All Creditors with NONPRIORITY Unsecured Claims |
|---|---|

| Creditor's Name, Mailing Address Including Zip Code | Date Claim Was Incurred And Account Number | C - U - D | Basis for Claim | Offset | Amount of Claim |
|---|---|---|---|---|---|
| 3.30 TECHSMITH CORPORATION<br>14 CRESCENT RD<br>EAST LANSING, MI 48223-5708<br>USA | | ☐ ☐ ☐ | TRADE DEBT | ☐ | $59.70 |
| 3.31 TRUECONTEXT<br>2500 SOLANDT ROAD SUITE 250<br>OTTAWA, ON K2K 3G5<br>CAN | | ☐ ☐ ☐ | TRADE DEBT | ☐ | $20,130.00 |
| 3.32 UNIFIRST CORPORATION<br>3766 SOUTHSIDE INDUSTRIAL PARKWAY<br>ATLANTA, GA 30354<br>USA | | ☐ ☐ ☐ | TRADE DEBT | ☐ | $2,543.04 |
| 3.33 VERIFIED FIRST, LLC<br>PO BOX 246<br>SPOKANE, WA 99210<br>USA | | ☐ ☐ ☐ | TRADE DEBT | ☐ | $45.36 |
| 3.34 VERIZON WIRELESS<br>PO BOX 660108<br>DALLAS, TX 75266-0108<br>USA | | ☐ ☐ ☐ | TRADE DEBT | ☐ | $2,695.19 |

Trade Debt Total:   $612,917.90

3. **Total: All Creditors with NONPRIORITY Unsecured Claims**                     $857,262.30

## Schedule E/F: Creditors Who Have Unsecured Claims

**Part 3:**   **List Others to Be Notified About Unsecured Claims**

4. **List in alphabetical order any others who must be notified for a debt already listed in Part 1. Examples of entities that may be listed are collection agencies, assignees of claims listed above, and attorneys for secured creditors.**

| Creditor's Name, Mailing Address Including Zip Code | On which line in Part 1 or Part 2 is the related creditor (if any) listed? | Last 4 digits of account number for this entity |
| --- | --- | --- |

# Schedule E/F: Creditors Who Have Unsecured Claims

| Part 4: | Total Amounts of the Priority and Nonpriority Unsecured Claims |
|---|---|

5. **Add the amounts of priority and nonpriority unsecured claims.**

| | | |
|---|---|---|
| 5a. | **Total claims from Part 1** | **$0.00**<br>+ UNDETERMINED |
| 5b. | **Total claims from Part 2** | **$857,262.30**<br>+ UNDETERMINED |
| 5c. | **Total of Parts 1 and 2**<br>Lines 5a + 5b = 5c. | **$857,262.30**<br>+ UNDETERMINED |

| Fill in this information to identify the case and this filing: | |
|---|---|
| Debtor Name: | Danimer Scientific Holdings, LLC |
| United States Bankruptcy Court: | District of Delaware |
| Case Number (if known): | 25-10520 |

Form 206G

# Schedule G: Executory Contracts and Unexpired Leases

**Be as complete and accurate as possible. If more space is needed, copy and attach the additional page, numbering the entries consecutively.**

**Part 1:**

1. **Does the debtor have any executory contracts or unexpired leases?**

☐ No. Check this box and file this form with the court with the debtor's other schedules. There is nothing else to report on this form.

☑ Yes. Fill in all of the information below even if the contracts or leases are listed on Schedule A/B: Assets - Real and Personal Property (Official Form 206A/B).

2. **List all contracts and unexpired leases**

| Nature of the Debtor's Interest | Expiration Date | Contract ID | Co-Debtor | Name | Address |
|---|---|---|---|---|---|
| **Intellectual Property** | | | | | |
| 2.1  INTELLECTUAL PROPERTY LICENSE AGREEMENT | | | ☐ | DANIMER IPCO, LLC | 140 INDUSTRIAL BOULEVARD BAINBRIDGE, GA 39817 USA |
| **Real Estate** | | | | | |
| 2.2  LEASE AGREEMENT | | | ☐ | EDWIN J. PERRY, III | [REDACTED ADDRESS] |
| **Vehicles & Equipment** | | | | | |

# Schedule G: Executory Contracts and Unexpired Leases

**Part 1:**

| Nature of the Debtor's Interest | Expiration Date | Contract ID | Co-Debtor | Name | Address |
|---|---|---|---|---|---|
| 2.3 XEROX LEASE AGREEMENT - DSH | 12/10/2026 | | ☐ | GREAT AMERICA FINANCIAL SERVICES | 625 FIRST STREET SE<br>CEDAR RAPIDS, IA 52401<br>USA |

**Vendor**

| Nature of the Debtor's Interest | Expiration Date | Contract ID | Co-Debtor | Name | Address |
|---|---|---|---|---|---|
| 2.4 SUBSCRIPTION SALES AGREEMENT | 01/03/2026 | | ☐ | ADOBE, INC | 345 PARK AVENUE<br>SAN JOSE, CA 95110-2704<br>USA |
| 2.5 STATUTORY REPRESENTATION SERVICES INVOICE | 11/30/2025 | | ☐ | CSC GLOBAL | 251 LITTLE FALLS DRIVE<br>WILMINGTON, DE 19808-1674<br>USA |
| 2.6 MEDIA AND ADVERTISING AGREEMENT | | | ☐ | DALTON AGENCY INC. | 889 HOWELL MILL ROAD NW<br>SUITE 3000<br>ATLANTA, GA 30318<br>USA |
| 2.7 STATEMENT OF WORK - SERVICE UPDATE | 05/31/2025 | | ☐ | DAXFO TECHNOLOGY PVT LTD | GREETA TECH PARK<br>PHASE-1, SOUTH WING 96<br>VSI FUNCTIONAL, INDUSTRIAL ESTATE<br>PERUNGUDI, CHENNAI, TAMIL NADU 600096<br>IND |
| 2.8 STATEMENT OF WORK - TECH SUPPORT | 05/31/2025 | | ☐ | DAXFO TECHNOLOGY PVT LTD | GREETA TECH PARK<br>PHASE-1, SOUTH WING 96<br>VSI FUNCTIONAL, INDUSTRIAL ESTATE<br>PERUNGUDI, CHENNAI, TAMIL NADU 600096<br>IND |

## Schedule G: Executory Contracts and Unexpired Leases

**Part 1:**

| Nature of the Debtor's Interest | Expiration Date | Contract ID | Co-Debtor | Name | Address |
|---|---|---|---|---|---|
| 2.9 CLEANING SERVICES CONTRACT | | | ☐ | DEANNA ELLIS | [REDACTED ADDRESS] |
| 2.10 FASTPATH SUBSCRIPTION SERVICES AGREEMENT | 05/10/2025 | | ☐ | FASTPATH SOLUTIONS, LLC | 4093 URBANDALE DRIVE URBANDALE, IA 50322 USA |
| 2.11 SUBSCRIPTION SALES AGREEMENT | 02/27/2026 | | ☐ | INSIGHTSOFTWARE, LLC | 8529 SIX FORKS ROAD SUITE 300 RALEIGH, NC 27615 USA |
| 2.12 CB2 IUCRC MEMBERSHIP AGREEMENT | | | ☐ | NORTH DAKOTA STATE UNIVERSITY | 1735 NDSU RESEARCH PARK DR. DEPT. 4000 PO BOX 6050 FARGO, ND 58108 USA |
| 2.13 CORPORATE FAMILY SOFTWARE LICENSE AND SERVICES AGREEMENT | | | ☐ | OSISOFT, LLC | 1600 ALVARADO STREET SAN LEANDRO, CA 94577 USA |
| 2.14 PRICING AGREEMENT | 04/30/2025 | | ☐ | OSISOFT, LLC | 1600 ALVARADO STREET SAN LEANDRO, CA 94577 USA |
| 2.15 MASTER SERVICES AGREEMENT | 07/30/2027 | | ☐ | PEAK TECHNICAL SERVICES, INC. | 583 EPSILON DRIVE PITTSBURGH , PA 15238 USA |
| 2.16 SUBSCRIPTION SALES AGREEMENT | 09/30/2025 | | ☐ | SIGNUP SOFTWARE INC. | 3500 S DUPONT HWY STE DN101 DOVER, DE 19901-6041 USA |
| 2.17 SUPER IPAAS INTEGRATION CLIENT RELATIONSHIP AGREEMENT | | | ☐ | SUPER IPAAS INTEGRATION LLC | 1 NEW ORCHARD ROAD ARMONK, NY 10504-1722 USA |

## Schedule G: Executory Contracts and Unexpired Leases

**Part 1:**

| Nature of the Debtor's Interest | Expiration Date | Contract ID | Co-Debtor | Name | Address |
|---|---|---|---|---|---|
| 2.18 MEMBERSHIP AGREEMENT | | | ☐ | THE BIOINDUSTRIAL MANUFACTURING AND DESIGN ECOSYSTEM | 1400 65TH STREET SUITE 200 EMERYVILLE, CA 94608 USA |
| 2.19 PRONTOFORMS SUBSCRIPTION AGREEMENT | | | ☐ | TRUECONTEXT INC | 2500 SOLANDT ROAD SUITE 250 OTTAWA, ON K2K 3G5 USA |

**Total number of contracts**      **19**

| Fill in this information to identify the case and this filing: | |
|---|---|
| Debtor Name: | Danimer Scientific Holdings, LLC |
| United States Bankruptcy Court: | District of Delaware |
| Case Number (if known): | 25-10520 |

Form 206H

# Schedule H: Codebtors

**Be as complete and accurate as possible. If more space is needed, copy the Additional Page, numbering the entries consecutively. Attach the Additional Page to this page.**

**Part 1:**

1. **Does the debtor have any codebtors?**

   ☐ No. Check this box and submit this form to the court with the debtor's other schedules. Nothing else needs to be reported on this form.

   ☑ Yes

2. **In Column 1, list as codebtors all of the people or entities who are also liable for any debts listed by the debtor in the schedules of creditors, Schedules D-G.** Include all guarantors and co-obligors. In Column 2, identify the creditor to whom the debt is owed and each schedule on which the creditor is listed. If the codebtor is liable on a debt to more than one creditor, list each creditor separately in Column 2.

| Codebtor Name and Mailing Address | Creditor Name | D - E/F - G |
|---|---|---|

**IP Term Loan**

| | | D | E/F | G |
|---|---|---|---|---|
| 2.1 DANIMER BIOPLASTICS, INC.<br>140 INDUSTRIAL BOULEVARD<br>BAINBRIDGE, GA 39817<br>USA | U.S. BANK TRUST COMPANY, NATIONAL ASSOCIATION | ☑ | ☐ | ☐ |
| 2.2 DANIMER IPCO, LLC<br>140 INDUSTRIAL BOULEVARD<br>BAINBRIDGE, GA 39817<br>USA | U.S. BANK TRUST COMPANY, NATIONAL ASSOCIATION | ☑ | ☐ | ☐ |
| 2.3 DANIMER IPHOLDCO, LLC<br>140 INDUSTRIAL BOULEVARD<br>BAINBRIDGE, GA 39817<br>USA | U.S. BANK TRUST COMPANY, NATIONAL ASSOCIATION | ☑ | ☐ | ☐ |
| 2.4 DANIMER SCIENTIFIC KENTUCKY, INC.<br>140 INDUSTRIAL BOULEVARD<br>BAINBRIDGE, GA 39817<br>USA | U.S. BANK TRUST COMPANY, NATIONAL ASSOCIATION | ☑ | ☐ | ☐ |
| 2.5 DANIMER SCIENTIFIC MANUFACTURING, INC.<br>140 INDUSTRIAL BOULEVARD<br>BAINBRIDGE, GA 39817<br>USA | U.S. BANK TRUST COMPANY, NATIONAL ASSOCIATION | ☑ | ☐ | ☐ |
| 2.6 DANIMER SCIENTIFIC, INC.<br>140 INDUSTRIAL BOULEVARD<br>BAINBRIDGE, GA 39817<br>USA | U.S. BANK TRUST COMPANY, NATIONAL ASSOCIATION | ☑ | ☐ | ☐ |
| 2.7 DANIMER SCIENTIFIC, L.L.C.<br>140 INDUSTRIAL BOULEVARD | U.S. BANK TRUST COMPANY, NATIONAL ASSOCIATION | ☑ | ☐ | ☐ |

# Schedule H: Codebtors

**Part 1:**

| Codebtor Name and Mailing Address | Creditor Name | D - E/F - G |
|---|---|---|
| BAINBRIDGE, GA 39817<br>USA | | |
| 2.8  MEREDIAN HOLDINGS GROUP, INC.<br>140 INDUSTRIAL BOULEVARD<br>BAINBRIDGE, GA 39817<br>USA | U.S. BANK TRUST COMPANY, NATIONAL ASSOCIATION | ☑ ☐ ☐ |
| 2.9  MEREDIAN, INC.<br>140 INDUSTRIAL BOULEVARD<br>BAINBRIDGE, GA 39817<br>USA | U.S. BANK TRUST COMPANY, NATIONAL ASSOCIATION | ☑ ☐ ☐ |
| 2.10  NOVOMER, INC.<br>140 INDUSTRIAL BOULEVARD<br>BAINBRIDGE, GA 39817<br>USA | U.S. BANK TRUST COMPANY, NATIONAL ASSOCIATION | ☑ ☐ ☐ |

### Super Senior Bridge Note

| Codebtor Name and Mailing Address | Creditor Name | D - E/F - G |
|---|---|---|
| 2.11  DANIMER BIOPLASTICS, INC.<br>140 INDUSTRIAL BOULEVARD<br>BAINBRIDGE, GA 39817<br>USA | BPI CREDIT 6, LLC | ☑ ☐ ☐ |
| 2.12  DANIMER BIOPLASTICS, INC.<br>140 INDUSTRIAL BOULEVARD<br>BAINBRIDGE, GA 39817<br>USA | JEFFERIES CAPITAL SERVICES, LLC | ☑ ☐ ☐ |
| 2.13  DANIMER BIOPLASTICS, INC.<br>140 INDUSTRIAL BOULEVARD<br>BAINBRIDGE, GA 39817<br>USA | RIVA RIDGE MASTER FUND, LTD. | ☑ ☐ ☐ |
| 2.14  DANIMER IPCO, LLC<br>140 INDUSTRIAL BOULEVARD<br>BAINBRIDGE, GA 39817<br>USA | BPI CREDIT 6, LLC | ☑ ☐ ☐ |
| 2.15  DANIMER IPCO, LLC<br>140 INDUSTRIAL BOULEVARD<br>BAINBRIDGE, GA 39817<br>USA | JEFFERIES CAPITAL SERVICES, LLC | ☑ ☐ ☐ |
| 2.16  DANIMER IPCO, LLC<br>140 INDUSTRIAL BOULEVARD<br>BAINBRIDGE, GA 39817<br>USA | RIVA RIDGE MASTER FUND, LTD. | ☑ ☐ ☐ |
| 2.17  DANIMER IPHOLDCO, LLC<br>140 INDUSTRIAL BOULEVARD<br>BAINBRIDGE, GA 39817<br>USA | RIVA RIDGE MASTER FUND, LTD. | ☑ ☐ ☐ |
| 2.18  DANIMER IPHOLDCO, LLC<br>140 INDUSTRIAL BOULEVARD<br>BAINBRIDGE, GA 39817 | JEFFERIES CAPITAL SERVICES, LLC | ☑ ☐ ☐ |

# Schedule H: Codebtors

**Part 1:**

| Codebtor Name and Mailing Address | Creditor Name | D - E/F - G |
|---|---|---|
| USA | | |
| 2.19 DANIMER IPHOLDCO, LLC<br>140 INDUSTRIAL BOULEVARD<br>BAINBRIDGE, GA 39817<br>USA | BPI CREDIT 6, LLC | ☑ ☐ ☐ |
| 2.20 DANIMER SCIENTIFIC KENTUCKY, INC.<br>140 INDUSTRIAL BOULEVARD<br>BAINBRIDGE, GA 39817<br>USA | BPI CREDIT 6, LLC | ☑ ☐ ☐ |
| 2.21 DANIMER SCIENTIFIC KENTUCKY, INC.<br>140 INDUSTRIAL BOULEVARD<br>BAINBRIDGE, GA 39817<br>USA | JEFFERIES CAPITAL SERVICES, LLC | ☑ ☐ ☐ |
| 2.22 DANIMER SCIENTIFIC KENTUCKY, INC.<br>140 INDUSTRIAL BOULEVARD<br>BAINBRIDGE, GA 39817<br>USA | RIVA RIDGE MASTER FUND, LTD. | ☑ ☐ ☐ |
| 2.23 DANIMER SCIENTIFIC MANUFACTURING, INC.<br>140 INDUSTRIAL BOULEVARD<br>BAINBRIDGE, GA 39817<br>USA | RIVA RIDGE MASTER FUND, LTD. | ☑ ☐ ☐ |
| 2.24 DANIMER SCIENTIFIC MANUFACTURING, INC.<br>140 INDUSTRIAL BOULEVARD<br>BAINBRIDGE, GA 39817<br>USA | JEFFERIES CAPITAL SERVICES, LLC | ☑ ☐ ☐ |
| 2.25 DANIMER SCIENTIFIC MANUFACTURING, INC.<br>140 INDUSTRIAL BOULEVARD<br>BAINBRIDGE, GA 39817<br>USA | BPI CREDIT 6, LLC | ☑ ☐ ☐ |
| 2.26 DANIMER SCIENTIFIC, INC.<br>140 INDUSTRIAL BOULEVARD<br>BAINBRIDGE, GA 39817<br>USA | JEFFERIES CAPITAL SERVICES, LLC | ☑ ☐ ☐ |
| 2.27 DANIMER SCIENTIFIC, INC.<br>140 INDUSTRIAL BOULEVARD<br>BAINBRIDGE, GA 39817<br>USA | BPI CREDIT 6, LLC | ☑ ☐ ☐ |
| 2.28 DANIMER SCIENTIFIC, INC.<br>140 INDUSTRIAL BOULEVARD<br>BAINBRIDGE, GA 39817<br>USA | RIVA RIDGE MASTER FUND, LTD. | ☑ ☐ ☐ |
| 2.29 DANIMER SCIENTIFIC, L.L.C.<br>140 INDUSTRIAL BOULEVARD<br>BAINBRIDGE, GA 39817<br>USA | JEFFERIES CAPITAL SERVICES, LLC | ☑ ☐ ☐ |
| 2.30 DANIMER SCIENTIFIC, L.L.C.<br>140 INDUSTRIAL BOULEVARD<br>BAINBRIDGE, GA 39817 | RIVA RIDGE MASTER FUND, LTD. | ☑ ☐ ☐ |

# Schedule H: Codebtors

**Part 1:**

| Codebtor Name and Mailing Address | Creditor Name | D - E/F - G |
|---|---|---|
| USA | | |
| 2.31 DANIMER SCIENTIFIC, L.L.C. <br> 140 INDUSTRIAL BOULEVARD <br> BAINBRIDGE, GA 39817 <br> USA | BPI CREDIT 6, LLC | ☑ ☐ ☐ |
| 2.32 MEREDIAN HOLDINGS GROUP, INC. <br> 140 INDUSTRIAL BOULEVARD <br> BAINBRIDGE, GA 39817 <br> USA | BPI CREDIT 6, LLC | ☑ ☐ ☐ |
| 2.33 MEREDIAN HOLDINGS GROUP, INC. <br> 140 INDUSTRIAL BOULEVARD <br> BAINBRIDGE, GA 39817 <br> USA | RIVA RIDGE MASTER FUND, LTD. | ☑ ☐ ☐ |
| 2.34 MEREDIAN HOLDINGS GROUP, INC. <br> 140 INDUSTRIAL BOULEVARD <br> BAINBRIDGE, GA 39817 <br> USA | JEFFERIES CAPITAL SERVICES, LLC | ☑ ☐ ☐ |
| 2.35 MEREDIAN, INC. <br> 140 INDUSTRIAL BOULEVARD <br> BAINBRIDGE, GA 39817 <br> USA | JEFFERIES CAPITAL SERVICES, LLC | ☑ ☐ ☐ |
| 2.36 MEREDIAN, INC. <br> 140 INDUSTRIAL BOULEVARD <br> BAINBRIDGE, GA 39817 <br> USA | RIVA RIDGE MASTER FUND, LTD. | ☑ ☐ ☐ |
| 2.37 MEREDIAN, INC. <br> 140 INDUSTRIAL BOULEVARD <br> BAINBRIDGE, GA 39817 <br> USA | BPI CREDIT 6, LLC | ☑ ☐ ☐ |
| 2.38 NOVOMER, INC. <br> 140 INDUSTRIAL BOULEVARD <br> BAINBRIDGE, GA 39817 <br> USA | BPI CREDIT 6, LLC | ☑ ☐ ☐ |
| 2.39 NOVOMER, INC. <br> 140 INDUSTRIAL BOULEVARD <br> BAINBRIDGE, GA 39817 <br> USA | RIVA RIDGE MASTER FUND, LTD. | ☑ ☐ ☐ |
| 2.40 NOVOMER, INC. <br> 140 INDUSTRIAL BOULEVARD <br> BAINBRIDGE, GA 39817 <br> USA | JEFFERIES CAPITAL SERVICES, LLC | ☑ ☐ ☐ |

| Total Number of Co-Debtor / Creditor Rows | 40 |
|---|---|

| Fill in this information to identify the case and this filing: | |
|---|---|
| Debtor Name: | Danimer Scientific Holdings, LLC |
| United States Bankruptcy Court: | District of Delaware |
| Case Number (if known): | 25-10520 |

Form 206Sum

## Summary of Assets and Liabilities for Non-Individuals

| **Part 1:** | **Summary of Assets** |
|---|---|

1. **Schedule A/B: Assets-Real and Personal Property (Official Form 206A/B)**

1a. **Real Property:**
Copy line 88 from Schedule A/B

$16,777.02
+ UNDETERMINED

1b. **Total personal property:**
Copy line 91A from Schedule A/B

$11,608,630.65
+ UNDETERMINED

1c. **Total of all property:**
Copy line 92 from Schedule A/B

$11,625,407.67
+ UNDETERMINED

| **Part 2:** | **Summary of Liabilities** |
|---|---|

2. **Schedule D: Creditors Who Have Claims Secured by Property (Official Form 206D)**
Copy the total dollar amount listed in Column A, Amount of claim, from line 3 of Schedule D

$139,781,256.61

3. **Schedule E/F: Creditors Who Have Unsecured Claims (Official Form 206E/F)**

3a. **Total claim amounts of priority unsecured claims:**
Copy the total claims from Part 1 from line 6a of Schedule E/F

$0.00

3b. **Total amount of claims of nonpriority amount of unsecured claims:**
Copy the total of the amount of claims from Part 2 from line 6b of Schedule E/F

$857,262.30

4. **Total liabilities**
Lines 2 + 3a + 3b

$140,638,518.91

| Fill in this information to identify the case and this filing: |
| --- |

Debtor Name: _____ Danimer Scientific Holdings, LLC _____

United States Bankruptcy Court: _____ DISTRICT OF DELAWARE _____

Case Number (if known): _____ 25-10520 _____

# Official Form 202

## Declaration Under Penalty of Perjury for Non-Individual Debtors

**An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.**

**Warning -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571**

## Declaration and Signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

- ☑ Schedule A/B: Assets-Real and Personal Property (Official Form 206A/B)
- ☑ Schedule D: Creditors Who Have Claims Secured by Property (Official Form 206D)
- ☑ Schedule E/F: Creditors Who Have Unsecured Claims (Official Form 206E/F)
- ☑ Schedule G: Executory Contracts and Unexpired Leases (Official Form 206G)
- ☑ Schedule H: Codebtors (Official Form (206H)
- ☑ Summary of Assets and Liabilities for Non-Individuals (Official Form 206Sum)
- ☐ Amended Schedule
- ☐ Other document that requires a declaration

I declare under penalty of perjury that the foregoing is true and correct.

**Executed on:** 04/15/2025 _____

**Signature:** /s/ Michael A. Hajost _____

Michael A. Hajost, Director and Officer _____
**Name and Title**